Shankland J.
 

 The question propounded to the witness seems to have been understood by the defendant, and by the witness himself, to call for his
 
 opinion
 
 as to the
 
 amount
 
 of
 
 damages,
 
 rather than to the fact whether damage
 
 accrued,
 
 and the
 
 character
 
 of it, as the language of the interrogatory would more properly imply. What damage accrued in consequence of feeding cattle upon poor hay, instead of good hay, called for no opinion of the witness, but for a specification of facts, as its legitimate response; and the question put to the witness in this case, was strictly legal. But the defendant and
 
 the
 
 witness understood it to call for the opinion of the latter as to the
 
 amount
 
 of damages sustained by the plaintiff, and it is very probable the plaintiff asked the question with that object in view, as he did not explain, after the specific objection was interposed by the defendant, nor repudiate the answer of the witness after it was given. We should therefore pass upon the admissibility oi the question put, in the same way as we would if it had been in the following form: “ How much, in your opinion, was the damage sustained by the plaintiff, in consequence of feeding the cattle upon the poor hay instead of that agreed upon
 
 ?”
 

 If the interrogatory had been propounded in the form above indicated, it would have been clearly inadmissible within all the authorities. The general rule upon the subject is, that witnesses must be confined to the communication of
 
 facts,
 
 and not
 
 opinions
 
 or conclusions which they may have formed from facts,
 
 *516
 
 whether known to themselves, or derived from the testimony of others. It is the special duty of the jury to draw
 
 conclusions,
 
 and not of the witness. (1
 
 Phil. Ev.
 
 290.) The exceptions to the general rule are confined to questions of
 
 science, trade,
 
 and a few others of the same nature, but cannot be extended to a case like the one under discussion. It is allowable for a witness who deals in, or is acquainted with, the value of cattle, or horses, to testify as to the value of such animals, because he then speaks of
 
 facts
 
 as derived from the market price of such property. In such a case, his testimony would not be
 
 opinion,
 
 it would be
 
 knowledge.
 

 In the case before us, the witness could have legally testified to the
 
 degree of
 
 inferiority of the hay fed, to that agreed to be fed, by the defendant. He could also have testified as to the condition of the cattle when brought to the defendant’s anu when taken away, and to any other fact calculated to enable the court or jury to form a just opinion on the question of damages ; but the mere opinion of the witness on the amount ot damage was entitled to no weight. If the witness had testified that he was acquainted with the value of cattle, I think he might have been allowed to state how much less valuable these were when taken away than when driven to the defendant’s, in consequence of the inferior quality of the food. But then he should state the facts upon which he founded his valuation, so that the jury might be able to appreciate his estimate at its just value.
 

 A few adjudged cases will show the strictness with which our courts have held to the rule which excludes the opinions of witnesses, unless they fall within the exceptions to the general rule. In
 
 Paige
 
 v.
 
 Hazard & Kelley,
 
 (5
 
 Hill’s R.
 
 603,) it was held that a witness, who testified that he was a boatman and knew the boat which had. been sunk by defendant, previous to her being injured; that he had raised sunken boats, and .caused them to be repaired; could not be permitted to testify what the damage would be, from the description of the situation of the boat as given by the witnesses. In
 
 Dunham
 
 v.
 
 Simmons,
 
 (3
 
 Hill,
 
 609,) which was an action for damages for injuring a horse by over-driving, a witness having described the condition of the
 
 *517
 
 horse after the injury complained of, was asked what amount of damages had been sustained in consequence of ill usage ? And it was held that the question was inadmissible, if it had been objected to on the proper ground. (See
 
 also Norman
 
 v.
 
 Wells,
 
 17
 
 Wend. R.
 
 136; 13
 
 id.
 
 81; 23
 
 id.
 
 425; 4
 
 Denio,
 
 312; 23
 
 Wend. R.
 
 354.) In the case last cited, which was an action to recover damages for killing a setter dog, a majority of the court thought it barely competent to allow a witness who was acquainted with such animals and their value, to testify to such value. In the case at bar, the witness should have been confined in his testimony to questions of fact, such as the number, condition and value of the cattle kept by the defendant, the quality of hay used in comparison with that agreed for, the effect the poor hay produced upon the cattle, and thus have laid a foundation of facts from which the jury or justice could have formed an opinion of the amount of damages actually sustained. The judgment of the supreme court should be affirmed.
 

 Judgment affirmed.