## WHITNEY *vs.* TAYLOR.

A warranty that a span of ponies are all right for livery purposes cannot, *it seems*, be construed into a special undertaking that they are not *with foal.* One of them being *with foal*, is not an unsoundness within the meaning of a general warranty.

In case of fraud, *it seems*, an action would lie for special damages.

If, however, the warranty is special, the damages are necessarily special, and must be estimated by the jury, and not by the opinion of witnesses.

There being no market value for pregnant mares, for *livery purposes*, a witness cannot be asked the value of a mare in that condition *for livery purposes*, and her value if not in that condition, and then give his opinion as to the difference in value.

APPEAL from a judgment of the county court of Herkimer county, after a motion for a new trial had been denied.

The action was originally tried in a justice's court, and resulted in a verdict for the defendant. The plaintiff appealed to the county court, and upon a trial in that court obtained a verdict for $50 damages.

The case proved, showed that the plaintiff and one Henry Whitney were in the livery business, and the defendant sold them a span of ponies, warranting that they were all right in every shape, single or double, for the livery business. It turned out that one of them was with foal, in consequence of which she became less valuable for the livery business, and the plaintiff traded her off and got another mare. It was also proved that this mare was not as good a match as the one in question.

The following question was asked of the plaintiff, who was a witness on the stand. "How much less was the mare worth for livery purposes, as she was with foal, than what she would have been if as warranted or represented?" Objected to by the defendant on the grounds: "(1.) That it was not the correct manner of estimating damages. (2.) The question should have been, what would the mare be worth if she had been as recommended, and what is she worth as she proved to be. (3.) No warranty has been proved against the mare being with foal. A general warranty does not cover the defect complained of." Objection overruled, and the defendant in due time excepted to the ruling of the court thereon, and the witness answered as follows : "She was worth $50 less."

The plaintiff obtained a verdict for $50, and the defendant appealed from the judgment entered thereon.

*S. S. Morgan*, for the appellant. I. There is no evidence, in the case, of a warranty, except that the mares were all *right*. There is no warranty against the mares' being with foal, and yet the evidence upon the subject of damage is mainly confined to the damage in consequence of the off mare being with foal. If it is possible to settle any ques-

tion in this State beyond controversy, it is now settled that a witness cannot give his opinion as to the gross amount of damage. He cannot be permitted to state in gross the amount of the injury, or the difference in value which the plaintiff claims to recover. 1st. Because, in doing so, he must assume what is the legal rule or measure of damages, which is a question of law, to be decided only by the court. 2d. Because in doing so the witness usurps the functions of the jury, the amount of damages being a question *exclusively* for their *judgment.* (*Van Deusen* v. *Young,* 29 *N. Y. Rep.* 9, 26, 36. *Decker* v. *Myers,* 31 *How.* 372, 376. *Benkard* v. *Babcock,* 27 *How. Pr.* 392, 405. *Armstrong* v. *Smith,* 44 *Barb.* 120, *and cases there cited.*)

*Thomas Richardson,* for the respondent. I. There was no error in the admission of evidence. 1. The objection to the question put to M. P. Whitney, and the same question to H. P. Whitney, was properly overruled. (*a.*) It was objected to on three grounds, the second and third of which are entirely unworthy of notice. It is difficult to understand what is meant by the first objection. The most reasonable construction is that it is simply introductory to the second and third objections; and if so, it must fall with them. But if it should be interpreted as an objection to the assumed *measure* of damages, then we say : (*b.*) That the mares were warranted as fit for a special purpose, to wit, for livery purposes, and the measure of damages was correct. (*Passinger* v. *Thorburn,* 35 *Barb.* 17; *affirmed,* 34 *N. Y. Rep.* 634. 16 *id.* 489. 5 *Bing.* 544.)

II. The objection to the question put to the same witnesses was properly overruled. The same objections were made as to the question just discussed ; and it is submitted that there needs no argument to show the objections utterly futile.

III. The refusals to charge as requested were properly made. 1. The first proposition was that the evidence did

Whitney *v.* Taylor.

not show a warranty against the mares being with foal. It was a question of intent and of fact for the jury, and was properly submitted to them. The warranty claimed, was that the mares were *all right,* &c.; not that they were simply *sound.* Any infirmity which renders the animal less fit for present service, has been held to be unsoundness. (*Hill. on Sales, p.* 281, *n. and cases cited. Chitty on Cont.* 407, *and cases cited.*) In this case the warranty was that she was "all right," &c. As before stated, it was a question for the jury, and they have found against the defendant.

MORGAN, J. The statement of the case shows clearly the nature of the questions to be decided upon this appeal. The first question which I shall examine is, whether the warranty is general or special. If it is a general warranty, then the fact that the mare was with foal, was not a breach of it. It was in no sense of the word to be regarded as an unsoundness, although it rendered the mare less valuable for livery purposes, for a time at least. It may be a question what was intended by the words that the "ponies are all right, every way, for livery purposes." No one would suppose that any thing else was intended except that they were sound. What is implied more than this is general praise, which does not lay the foundation for an action either for fraud or warranty.

If the defendant knew that the mare was with foal, and purposely concealed that fact from the plaintiff, although it would not be regarded as unsoundness, still, if any damages had ensued, it would constitute an actionable fraud. But unless the defendant knew the fact, it can hardly be supposed that he intended to warrant specially against the mare's being in that condition, or that the plaintiff so understood it. There was a good deal of discussion and some difference of opinion in *Passinger* v. *Thorburn,* (34

*N. Y. Rep.* 634,) whether the case showed that the warranty was general or special; but a majority of the court having come to the conclusion that the warranty was special, the plaintiff was allowed to recover his consequential damages. My opinion is, that we ought not to extend the rule to other and doubtful cases. In the absence of fraud, I do not think a warranty of the kind here proved can be construed into a special undertaking that a mare is not with foal. Her being with foal, certainly is not an unsoundness, within the meaning of a general warranty.

But assuming that it was within the meaning of the warranty, the question proposed to the witness was inadmissible to prove the damages. There was no market value for pregnant mares for livery purposes, and the opinion of the witness could not be received as in the case where an article has a known or market value.

The question assumes that the witness knows how much was the value of the mare for livery purposes. It also assumes that he knows how much she would have been worth if she had not been with foal, whereas there was no evidence to show that he knew either fact. How, then, could he compute the damages? The farthest the authorities have gone, would only allow the witness to give the difference in the value when he had qualified himself by showing that he was acquainted with the value of the article as warranted, and with its value as diminished on account of the defect complained of. That difference the witness may call " dollars and cents," or " damages," but before he can answer in either form, he must show that he is qualified to answer it as a fact and not as mere speculation.

As there was no known or market value for pregnant mares for livery purposes, it is evident that the plaintiff resorted to an improper mode of ascertaining damages. The damages in such a case are necessarily special, and

limited to the actual loss sustained. So far as they depend upon mere estimate, they must be fixed by the jury, and not by the witnesses. (*Morehouse* v. *Mathews*, 2 *N. Y. Rep.* 514.) The particular items of damages should be proved, and the whole together left to the jury to assess according to their own judgment. From an examination of the testimony in this case, it is impossible to determine with any accuracy what particular damages the plaintiff sustained in consequence of the mare's being with foal. One way to arrive at the solution of the question, would have been for the plaintiff to show how much the mare was worth, not for livery purposes, but for general purposes, and how much she would have been worth if she had been in a condition to put in the livery business, single or double.

It is quite evident that the witness did not make this difference in value the rule of damages. He was not inquired of as to her real value. For aught we know, she may have had a much larger value on account of her being with foal than she would have for livery purposes; and her place in the livery of the plaintiff may have been supplied for a less sum than her real value.

In my opinion, the evidence objected to was improper and inadmissible to prove damages. If it is therefore conceded that the warranty was special so as to support an action for the special damages, the court erred in allowing the witness to give his opinion as to the amount, without showing what the mare would have been worth for livery purposes if she had not been with foal, and what was her real value, being with foal, so that the court could see that his estimate of the damages was no more than the difference if the witness had expressed it in dollars and cents. The judgment should be reversed and a new trial granted, costs to abide the event.

MULLIN, J., read an opinion coming to the same result.

FOSTER, J., dissented.

Judgment reversed, and a new trial granted, costs to abide the event.

[ONONDAGA GENERAL TERM, June 30, 1868. *Foster, Mullin* and *Morgan,* Justices.]