## THOMPSON and others *vs.* DICKHART.

A lease of a farm contained a covenant, on the part of the lessee, not to sow any mustard seed or white daisies on the farm, during the term. In an action against the guarantor, for a breach of this covenant, a witness being asked "How much was the damage to that farm, in consequence of the daisies upon it?" expressed the opinion that the daisies damaged the farm to the amount of fifty dollars. *Held* that the question was clearly incompetent.

APPEAL, by the defendant, from a judgment entered upon the report of a referee.

*Levi H. Brown*, for the appellant.

*F. W. Hubbard*, for the respondent.

*By the Court*, TALCOTT, J. The defendant was sued as the guarantor for the performance by one Orth of the covenants in a lease whereby the plaintiffs leased a farm to said Orth. The lease contained a covenant on the part of Orth not to sow any mustard seed or white daisies on the farm, during the lease.

The referee has found a breach of this covenant, and that the plaintiffs sustained damages thereby to the amount of fifty dollars. It is difficult to see upon what evidence the referee found that Orth had broken the covenant in question, since it would seem, from the testimony, that the appearance of mustard and daisies in the locality where they appeared could scarcely afford satisfactory evidence that they had been sown there by the hand of man. However this may be, the evidence which the referee admitted, and apparently acted upon, on the question of the amount of damages, was clearly incompetent.

A witness was asked "How much was the damage to that farm, in consequence of the daisies upon it?" This question was objected to by the defendant, as incompetent. The referee reserved his decision upon it until his

final decision, and the witness expressed the opinion that the daisies damaged the farm to the amount of fifty dollars. The referee finally admitted the testimony, and the defendant excepted.

The question was clearly incompetent, as is shown by reported decisions. (*Morehouse* v. *Mathews*, 2 *N. Y.* 514. *Green* v. *Plank*, 48 *id.* 669. *Van Deusen* v. *Young*, 29 *id.* 9. *Teerpenning* v. *Corn Exchange Ins. Co.*, 43 *id.* 279.)

For this error the judgment must be reversed.

Judgment reversed, and new trial ordered; costs to abide the event; and a new referee to be appointed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]