RAUCH *v.* NEW YORK, L. & W. RY. CO.

*(Superior Court of Buffalo, General Term. July 13, 1888.)*

RAILROAD COMPANIES—CONSTRUCTION OF ROAD—INJURY TO ADJOINING PROPERTY.

In an action against a railroad company for damages caused by the construction of an embankment in front of plaintiff's premises, it is error to permit the question, "What has been the effect of the construction of the embankment upon the premises," as it calls for an answer to the very question which the jury is impaneled to try.

Appeal from trial term.

Action by Charles R. Rauch to recover damages for the construction by the New York, Lackawanna & Western Railway Company of a raised roadway or embankment opposite plaintiff's premises. Judgment was entered for plaintiff on the verdict of a jury, and defendant appeals.

Argued before BECKWITH, C. J., and HATCH, J.

*John G. Milburn,* for appellant. *David F. Day,* for respondent.

HATCH, J. The decision of this court upon the right of the plaintiff to maintain this action must be regarded as settled, and not now open to debate. The judgment rendered herein must, however, be reversed for errors committed upon the trial in the reception of evidence. The error arose upon the examination of the witness Jones, thus: "*Question.* What has been the effect on the property on Commercial street, in the neighborhood of the plaintiff, by the construction of the embankment?" Defendant objected, and the court said: "You had better confine your questions to the premises in question." Defendant's counsel then objected to the question on the ground that it was immaterial and improper, and called for a conclusion; that it was the province of the jury to determine the effect from the evidence. The court overruled the objection, and the defendant excepted. Plaintiff then asked: "What has been the effect of the construction of the embankment in Commercial street and Water street upon the plaintiff's premises?" The witness answered: "I should think it had depreciated fully fifty per cent. or more." Motion was then made to strike out the answer, which was denied, and defendant excepted.

We think the objection was well taken that the testimony should have been excluded. It is proper in cases of this character to permit the expression of opinion, by experts, as to the value of property without the obstruction and its value with the obstruction, and this to aid the jury in determining the damages which have accrued from the unlawful act. The question to which this testimony was directed, was that of damage sustained by the plaintiff. Of this question the jury were the sole arbiters. The value of the property was a question of fact; and the witness, when giving his opinion upon value, gives the results of his observation, experience, and knowledge upon that subject. It partakes of the character of fact depending upon the extent of knowledge possessed by the witness. From such opinion the jury may find a fact. The weight to be attached to the opinion is still a question for them. *Bedell* v. *Railroad Co.*, 44 N. Y. 367, 370. Courts are not inclined to extend this rule beyond its present limits. The question permitted to be asked clearly exceeds it. To ask, "What has been the effect of the construction of the embankment?" is to allow the witness to determine that question; that is, the precise question which the jury were impaneled to try. When the witness is allowed to state his conclusion, nothing remains for the jury but to announce it, and we thus have, not the judgment of the jury derived from facts, but simply the opinion of the witness as to what the verdict should be. The witness so understood this question, as his answer was, "I should think it had depreciated fully fifty per cent. or more;" and the witness Kraft, in answer to a similar question, answered that, "I should think it is damaged one-half." Courts have frequently condemned such testimony. *Ferguson* v. *Hubbell*, 97 N. Y. 507; *Schwander* v. *Birge*, 46 Hun, 66; *Morehouse* v. *Mathews*, 2 N. Y. 514; *Paige* v. *Hazard*, 5 Hill, 603; *Allen* v. *Stout*, 51 N. Y. 668. This court at the present term has held evidence of the same character inadmissible. *Avery* v. *Railroad Co.*, *ante*, 101. Judgment reversed and new trial ordered, costs to abide event.

BECKWITH, C. J., concurs. TITUS, J., does not sit in this case.