BREWER v. DELAFIELD.

*(Supreme Court, General Term, Fifth Department.  April 13, 1892.)*

APPEALS FROM JUSTICES OF THE PEACE—REVIEW—OBJECTIONS NOT RAISED BELOW.

While the grounds of objection are not required, as a rule, to be stated on trials before justices of the peace, yet, where the trial was conducted by counsel, and certain grounds of objection were in fact stated, an objection to the admission of certain evidence not made at the trial cannot be raised on appeal, where it is clear that such evidence did not cause the rendition of the judgment.

Appeal from Chautauqua county court.

Action by Francis B. Brewer against Clarence Delafield for damages done to plaintiff's gas-pipe and for the escape of gas. From a judgment of the

county court, reversing a judgment for plaintiff recovered before a justice of the peace, plaintiff appeals. Judgment of county court reversed, and that of the justice affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*S. W. Mason,* for appellant. *O. B. Ottaway,* for respondent.

MACOMBER, J. The plaintiff, who is the owner of the Westfield Gas-Works, in the town of Westfield, N. Y., recovered a judgment before a justice of the peace for the sum of $37 and costs, for damages done to the plaintiff's gas-pipe, and by the escape of 10,000 feet of gas from a meter, caused by the acts of the defendant or his employes. On appeal by the defendant to the county court the judgment of the justice was reversed upon the ground that a question put to the plaintiff's principal witness was incompetent. It appeared in evidence that a bill for $37 had been made out against the defendant; and one Keener, who was in the employ of the plaintiff, presented it to the defendant, and stated to him that the claim was for breaking the gas-mains of the plaintiff three times, and letting gas escape from the gasometer. The witness told the defendant that the amount of the damage was $37. Thereupon the defendant said that he would attend to the matter as soon as he could get around to it, and that as soon as he could get something out of the town he would fix it. He made no objection to the bill, either as to his own liability for any part thereof or to the amount claimed. Evidence was given that the amount of gas which escaped was 10,000 feet. Then the following question was asked the witness: "*Question.* Was the bill presented a fair value for the damage for those breaks?" Objected to as immaterial and incompetent, and not a proper measure of damages, no foundation laid for making defendant liable for damages, and not within the issues. Objection overruled, and exception. "*Answer.* Yes, sir; it was worth that, and more than that. These damages were done while digging the ditches for the water-works in Westfield." The learned county judge pronounced this evidence incompetent under the authority of *Morehouse* v. *Matthews,* 2 N. Y. 514, which holds that in general it is not competent for witnesses to state opinions or conclusions from facts without such facts are known to them, or derived from the testimony of others. It will be noticed that though many grounds of objection were stated, this particular ground, relied upon by the learned county judge, viz., that this was a mere expression of opinion, was not made in the trial court. While it is true that the grounds of the objection are not required, perhaps, to be stated in trials before justices of the peace, yet, where, as in this case, the defense was conducted by counsel, and certain grounds of objection were in fact stated which were untenable, and the objection now stated by the county judge was not in fact made, we think that it is too late to raise the same upon appeal, for two reasons: (1) If it had been made at the trial it might have been obviated; and (2) it is clear that such evidence did not cause the rendition of the judgment. At the trial there was no dispute over the amount of the bill. The defendant himself was called as a witness, the whole purpose of whose testimony was designed to transfer liability for the damages from him to a subcontractor by the name of Williams. This leads us to the conclusion that the error which the learned county judge held to be in the record, even if it actually existed, was not of sufficient moment to justify a reversal of the judgment under section 3063 of the Code of Civil Procedure, which provides that the appellate court must render judgment on appeal according to the justice of the case, and without regard to technical errors or defects which do not affect the merits. We think the judgment of the justice of the peace was correct, under the facts disclosed, and that the judgment of the county court should be reversed.

Judgment of the county court reversed, and that of the justice of the peace affirmed, with costs of this appeal in this court and in the county court. All concur.