Alexander W. Kramer, J.
The defendant is accused of violating section 9 of article 2 of the General Business Daw in *605 that it is. alleged that he offered and sold certain meat products at his butcher shop on the sabbath.
The defendant contends that the court should dismiss the misdemeanor complaint since, statutorily and by case law, such an offense is a violation and cannot be prosecuted, as in the case at bar, by a misdemeanor complaint.
While section 4 of article 2 of the General Business Law states that sabbath breaking is a misdemeanor, such a classification is incorrect. As the defendant’s attorney correctly points out, section 55.10 (subd. 3, par. [b]) of the Penal Law states that any law which imposes a sentence of imprisonment not to exceed 15 days, or the sentence is only a fine, shall be classified as a violation, notwithstanding any other designation in the law or ordinance defining it. For sabbath breaking, the first offense is punishable by a fine of no more than $10 or by imprisonment not to exceed five days, or by both. Therefore, sabbath breaking, as a first offense, is clearly a violation. This statutory interpretation is clearly set forth by case law (People v. L. A. Witherill, Inc., 29 N Y 2d 446).
The defendant alleges that the People may not amend the misdemeanor .complaint filed in this case but must dismiss the case forthwith.
The offense with which the defendant is charged is a violation. Accordingly, subdivision 39 of CPL 1.20 provides that violations shall constitute petty offenses for which this court, as a local criminal court, has exclusive trial jurisdiction except where such an offense is charged in an indictment which also charges a crime (CPL 10.30, subd. 1, par. [a]). Therefore, whatever the classification of the crime — misdemeanor or violation— this court has jurisdiction over the subject matter.
CPL 140.45 provides that: “If an information, a misdemeanor complaint or a felony complaint filed with a local criminal court pursuant to .section 140.20, 140.25 .or 140.40 is not sufficient on its face, as prescribed in section 100.40, and if the court is satisfied that on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument which is sufficient on its face, it must dismiss such accusatory instrument and discharge the defendant.”
An information is sufficient on its face when:
(a) It substantially conforms to the requirements prescribed in section 100.15; and
(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the *606 defendant committed the offense charged in the accusatory part of the information.
(c) Nonhearsay allegations of the factual part of the information and/or of any supporting deposition^ establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40, subd. 1.) With respect to the requirements of subdivision 1 of CPL 100.40 the accusatory instrument complies with all the requirements set forth therein.
The court is of the opinion that the labeling of the accusatory instrument as a “misdemeanor complaint,” even though the offense charged is a violation, does not make the instrument jurisdictionally defective. Under section 684 of the former Code of Criminal Procedure an error with respect to any proceeding or pleading required in the code did not render it invalid unless it prejudiced or tended to prejudice a substantial right of the defendant. Thus, in People v. Mulligan (64 Misc 2d 143), the People were permitted to amend an information to replace the Police Justice tiourt of Brightwaters with the First District Court of Suffolk County where the summons was returnable in Justice Court but the information was filed in District Court.
The initial problem posed by the misdemeanor complaint filed herein is that, by definition, said instrument is an accusation which charges one or more offenses, at least one of which is a misdemeanor (CPL 1.20, subd. 7). Clearly, no misdemeanor is alleged herein. In addition, the factual part of a misdemeanor complaint need only provide reasonable cause to believe that the defendant committed the offense charged while an information must contain nonhearsay allegations to the factual part of the information and/or of any supporting depositions which, if true, establish every element of the offense charged and the defendant’s commission thereof. (CPL 100.40, subd. 1, par. [c] ; 100.40, subd. 4, par. [b].) This explains why an information generally commences a nonfelony action and is the instrument upon which the action is ultimately prosecuted thereunder. Such is not the case with a misdemeanor complaint, which was designed to permit a court to temporarily hold a defendant on a misdemeanor charge but not to prosecute him thereunder unless he consents thereto (CPL 170.65, subd. 3).
Notwithstanding the above the misdemeanor complaint filed herein contains all the necessary elements of a valid information. It is based on the nonhearsay allegations of the deponent which, if true, establish every element of the offense charged and the defendant’s commission thereof. Should the defendant *607 consent to be prosecuted thereunder, the misdemeanor complaint will be deemed an information (GPL 340.10). "Where no consent is obtained, the misdemeanor • complaint must be replaced by an information (GPL 170.65, subd. 1). It is noted that GPL 140.45 not only requires, before a dismissal may be obtained, that the misdemeanor complaint is not sufficient on its face, but also that the court is satisfied that it would be impossible to file a satisfactory accusatory instrument based on the available facts or evidence. While the misdemeanor complaint herein does not charge the defendant with a misdemeanor, it does meet all the requirements of a valid information. Since subdivision 1 of GPL 170.65 automatically converts a misdemeanor complaint to an information when supporting papers are filed which satisfy the requirements of an information, as this misdemeanor complaint already does, the court shall deem the misdemeanor complaint converted to. an information.
In accordance with the foregoing, the defendant’s motion for dismissal is hereby denied.