Benjamin Altman, J.
Defendant moved orally to dismiss the information against him for insufficiency pursuant to CPL 100.10, 100.15 and 100.40. The verified facts in the information read as follows: "Deponent states that he observed the defendant in possession of a quantity of controlled substances *425 to wit: one vile [sic] containing eight blue pills, and one vile [Sic] containing twenty-nine purple pills.”
Section 3306 of the Public Health Law presents an exhaustive list of the various controlled substances. Neither "blue pills” nor "purple pills” are among those controlled substances listed.
The statements were not inculpatory. This court, after very able argument by both sides, granted the defendant’s motion.
On several occasions, this court has had before it similar informations with basically the same verified facts. Therefore, it might be fruitful to clarify the court’s reasoning in granting defendant’s motion.
Where an information constitutes a pleading, certain requirements must be met, since no person may be punished for a crime without a formal and sufficient accusation (Albrecht v United States, 273 US 1). An information must contain sufficient facts to identify the crime of which the defendant is accused of committing, in order to inform the defendant of the charge against him (People v Bertram, 302 NY 526; People v Grogan, 260 NY 138; People v Shaw, 38 Misc 2d 439). This permits the defendant more adequately to prepare his defense and to prevent him from being retried for the same offense in the event of an acquittal.
The failure adequately to inform the defendant as to the charges and the acts constituting the crime cannot be alleviated by additional affidavits. The information must meet the tests above (see People v Pullman, 3 Misc 2d 188).
The information is the basis for the court’s jurisdiction. Where the information is insufficient in law, no jurisdiction is conferred upon the court (CPL 100.05; People ex rel. Brown v Tighe, 146 App Div 491; People v Sas, 172 Misc 845).
There are seven local criminal court accusatory instruments (CPL 100.10 now has two additional "informations” in subd 2; prior to 1974 there were only five defined "informations”). The section that is pertinent is CPL 100.10 (subd 1). That section reads: "1. An 'information’ is a verified written accusation by a person, filed with a local criminal court, charging one or more other persons with the commission of one or more offenses, none of which is a felony. It may serve as a basis both for the commencement of a criminal action and for the prosecution thereof in a local criminal court.” As Judge Denzer states in his Practice Commentary in the Criminal *426 Procedure Law (McKinney’s Cons Laws of NY, Book 11A, CPL 100.10), the old Code of Criminal Procedure’s definition of the word "information” was the "sparse and unsatisfactory assertion” that an information is "the allegation made to a magistrate that a person has been guilty of some designated crime”.
The present Criminal Procedure Law breaks down the catchall "information” of the Code of Criminal Procedures and delineates and defines the various types as set forth in CPL 100.10. One of the "informations” of the Code of Criminal Procedures was the "familiar deposition-like accusation, containing evidentiary allegations, which charges the defendant with a misdemeanor or a petty offense. Though often used in the first instance as a basis for the issuance of a warrant of arrest or a summons, this 'information’ also constituted, in the majority of cases, the instrument of ultimate accusation and prosecution in the local criminal court, comparable to an indictment in a felony case.” (See People ex rel. MacSherry v Enright, 112 Misc 568; People v Carrie, 122 Misc 753, and People v Dailey, 67 Misc 2d 107 as to the status of information under the Code Crim Pro.)
Two statutes necessary to our discussion are CPL 100.15, 100.40.
CPL 100.15 states: "1. An information, a misdemeanor complaint and a felony complaint must each specify the name of the court with which it is filed and the title of the action, and must be subscribed and verified by a person known as the 'complainant.’ The complainant may be any person having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged. Each instrument must contain an accusatory part and a factual part. The complainant’s verification of the instrument is deemed to apply only to the factual part thereof and not to the accusatory part.
2. The accusatory part of each such instrument must designate the offense or offenses charged. As in the case of an indictment, and subject to the rules of joinder applicable to indictments, two or more offenses may be charged in separate counts. Also as in the case of an indictment, such instrument may charge two or more defendants provided that all such defendants are jointly charged with every offense alleged therein.
3. The factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary *427 character supporting or tending to support the charges. Where more than one offense is charged, the factual part should consist of a single factual account applicable to all the counts of the accusatory part. The factual allegations may be based either upon personal knowledge of the complainant or upon information and belief. Nothing contained in this section, however, limits or affects the requirement, prescribed in subdivision one of section 100.40, that in order for an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.”
CPL 100.40 states: "1. An information, or a count thereof, is sufficient on its face when:
"(a) It substantially conforms to the requirements prescribed in section 100.15; and
"(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
"(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendants commission thereof.
"2. A simplified information is sufficient on its face when, as provided by subdivision one of section 100.25, it substantially conforms to the requirement therefor prescribed by or pursuant to law; provided that when the filing of a supporting deposition is ordered by the court pursuant to subdivision two of said section 100.25, a failure of the complainant police officer or public servant to comply with such order renders the simplified information insufficient on its face.
"3. A prosecutor’s information, or a count thereof, is sufficient on its face when it substantially conforms to the requirements prescribed in section 100.35.
"4. A misdemeanor complaint or a felony complaint, or a count thereof, is sufficient on its face when:
"(a) It substantially conforms to the requirements prescribed in section 100.15; and
"(b) The allegations of the factual part of such accusatory instrument and/or any supporting depositions which may *428 accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of such instrument.”
The tendency, as determined by this court, has been to hold informations to a higher standard than felony and misdemeanor complaints are treated. Judge Denzer, in his commentary following CPL 100.40 (McKinney’s Cons Laws of NY, Book 11A, CPL 100.40), stresses the difference.
As stated by Judge Denzer in his commentary: "The most significant feature of the section lies in the difference in the sufficiency requirements for an information (subd. 1), on the one hand, and a felony complaint or misdemeanor complaint, (subd. 4), on the other. The factual allegations of a felony complaint or misdemeanor complaint (together with those of any supporting depositions) must demonstrate reasonable cause to believe that the defendant committed the offense charged, but need not show a legally sufficient or prima facie case (subd. 4). An information however, must demonstrate both reasonable cause and a legally sufficient case (subd. 1). This distinction and the implications thereof as they appear in subsequent provisions represent a major innovation in New York procedure” (emphasis added).
Judge Denzer goes on to state: "The Criminal Code was most unclear on the subject of what kind or standard of evidence justified a local criminal court or 'magistrate’ in holding a defendant charged with a felony for the action of a grand jury (see § 208). Upon preliminary hearings, however, the lower courts in practice usually required evidence which not only was fairly persuasive of the defendant’s commission of the felony charged ('reasonable cause’) but legally supported every element thereof and the defendant’s liability therefor (legal sufficiency).
"The CPL changes that rule, if such it was, to require only 'reasonable cause’ and not a legally sufficient case (§ 180.70). Since such is the reduced evidential requirement with respect to a hearing on a felony complaint, the same standard (reasonable cause) is established for the allegations of the felony complaint itself.
"The information, on the other hand, stands on a different footing. This instrument not only commences a non-felony action but, generally, also constitutes the instrument of ultimate prosecution in the local criminal court. Outside of New York City at least (see § 170.75), the defendant is not entitled *429 to any preliminary hearing upon the information, and the allegations thereof usually represent the only formal accusation and expression of the charge which he will have to meet. Accordingly, the information is required to show a prima facie case, as well as 'reasonable cause’ (subd. 1).
"It should be observed that the 'misdemeanor complaint’ mentioned in subdivision 4 (see also, §§ 100.10 [4], 100.15 [1]) is a new local criminal court accusatory instrument created by the CPL. Somewhat like the former short affidavit’ — which was useable only in New York City and Buffalo (N.Y.C.Crim.Ct.Act § 55; CCP § 145-a) — it permits the court to temporarily hold a defendant on a misdemeanor charge but not to prosecute him thereon without his consent. Absent such consent, the misdemeanor complaint must be replaced by a regular information for prosecution purposes (see §§ 170.65, 170.70). Such being the nature and purpose of the instrument, it is, like a felony complaint, sufficient if its allegations show reasonable cause without demonstrating a legally sufficient or prima facie ease (subd. 4).”
An example of the varying requirements for an information and a complaint is set forth in People v Minuto (71 Misc 2d 800).
The defendant was charged with possession of gambling records and promoting gambling. The accusatory instrument was labeled an "information/complaint,” being a New York State Police form.
The defendant moved to dismiss on the grounds that if the accusatory instrument was considered a misdemeanor complaint, then it should be dismissed for the failure properly to verify the supporting deposition (pursuant to CPL 100.30, subd 1). If the instrument was deemed an information, it would be dismissed on the same grounds, and, in addition, the information would be insufficient upon its face (pursuant to CPL 100.40, subd 1).
The court stated that an information must conform to CPL 100.15. The conclusion was that the instrument did not comply with CPL 100.40 (subd 1, par [c]) in that the elements of the specific offenses charged were not present. Thus the instrument could only be considered as a misdemeanor complaint.
The standards for a misdemeanor complaint — that the allegations of the factual part of such accusatory instrument and/ or any supporting deposition which might accompany it pro *430 vide reasonable cause to believe that the defendant did commit the offense charged in the accusatory part of the instrument — were restated.
The supporting deposition there was sufficient for the purpose of the misdemeanor complaint as to the promoting gambling charge. The possession of gambling instruments was insufficient vis-á-vis the requirement of a misdemeanor complaint.
An information must be sufficient alone, without resort to testimony or record of evidence, in order to withstand a motion to dismiss for insufficiency. Certainty and precision must be patent in an information.
One contrasting observation should be made by this court. During the so-called "looting blackout” crisis, the defendants there were charged with a violation of section 140.20 of the Penal Law — a felony. Defense counsel were moving to dismiss for insufficiency. Except in one instance, this court was denying the motions on the very essence of the statutory language in CPL 100.10, 100.15, and 100.40, stressing this differences between an information and a felony complaint.
For the reasons stated above, the defendant’s motion to dismiss due to a defective information is granted.