■ In the Matter of the Estate of GIUSEPPE VITALE, Also Known as JOSEPH VITALE, Deceased. WILLIAM CERRONE, Appellant; UNITED STATES FIDELITY & GUARANTY Co., Respondent.—The appeal is from an order of the Surrogate's Court, Queens County, dated July 26, 1978, which denied William Cerrone's motion, brought pursuant to SCPA 809, *inter alia,* for leave to commence an action or proceeding on a fiduciary's surety bond. Order affirmed, without costs or disbursements. We agree with the Surrogate that an action directly on the surety bond is not warranted under these circumstances (see *United States v Westchester Fire Ins. Co.,* 478 F2d 133, 138; see, also, 10A Cox-Arenson-Medina, NY Civ Prac, Dec., 1978 Cum Supp, § 809.01, p 74). The creditor's remedy is to seek the appointment of a successor administrator, c. t. a., pursuant to SCPA 1418, and, upon such appointment, to commence a proceeding pursuant to SCPA 2102 (subd 4). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.

■ In the Matter of DONALD WAGNER, Petitioner, v WILLIAM FLOYD UNION FREE SCHOOL DISTRICT OF THE MASTICS-MORICHES-SHIRLEY et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent school district, dated June 14, 1978 and made after a hearing, which dismissed the petitioner from his position as a custodian. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination under review was supported by substantial evidence (CPLR 7803, subd 4). Titone, J. P., Shapiro, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHAKIM ALLAH, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered June 5, 1978, which granted the defendant's motion to dismiss the indictment on the ground that the evidence presented before the Grand Jury was not legally sufficient to establish the crimes charged. Order reversed, on the law, motion denied and indictment reinstated. The evidence before the Grand Jury was sufficient to sustain the indictment (see *People v Wright,* 68 AD2d 930). Titone, J. P., Shapiro, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEMAL ALOVIC, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 20, 1977, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The comments of the prosecutor, although improper, were harmless beyond a reasonable doubt. The overwhelming proof of guilt, which included reliable identifications by the victim, the victim's half-brother, and an uninvolved bystander, militates against reversal on the basis of these comments. There is no significant probability that the jury would have acquitted the defendant had these comments not been made (see *People v Crimmins,* 36 NY2d 230, 241-242). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.