New York, Appellant, v Ralph K. Arpaio and Dennis P. Morrissey, Respondents.—Appeal by the People from an order of the Supreme Court, Orange County, dated September 13, 1978, which granted the defendants' motion to suppress certain statements. Order affirmed. In November, 1977, Sullivan's Bar in Pine Bush was burglarized, and approximately $270 was stolen. Police Investigator Solomon interviewed a bar employee who stated that defendants Morrissey and Arpaio were present in the bar at closing time on the night prior to the night on which the burglary took place. Another police investigator named Pasquale learned from a confidential informant that Morrissey and Arpaio were responsible for the burglary and that $240 had been stolen. The informant stated that Morrissey had admitted to him his role in the burglary. The tip was conveyed to Solomon, and Morrissey was arrested without a warrant. Morrissey admitted that he and Arpaio had committed the Sullivan's Bar burglary. Arpaio, who was subsequently arrested, confessed to the Sullivan's Bar burglary. He stated further that he and defendant Wilkins were responsible for the robbery of a "7-11" store earlier that year. Wilkins also made a statement to the police at the time of his arrest. In our opinion, Morrissey was arrested without probable cause. No evidence was offered which would indicate that the confidential informant, who did not appear before the Trial Judge, was reliable (see *Aguilar v Texas,* 378 US 108). Certainly, the information obtained by Investigator Solomon was insufficient to "permit the suspicions engendered by the informant's report to ripen into a judgment that a crime" had probably been committed *(Spinelli v United States,* 393 US 410, 418; cf. *People v Alaimo,* 34 NY2d 187; *People v Hitt,* 61 AD2d 857). The statements were properly suppressed as fruits of the tainted arrest (see *Brown v Illinois,* 422 US 590). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.

■ The People of the State of New York, Respondent, v Raymond Ballard, Appellant.—Appeals by defendant from (1) a judgment of the County Court, Nassau County, rendered August 9, 1976, convicting him of robbery in the first degree (three counts) and burglary in the first degree, upon a jury verdict, and imposing sentence and (2) an order (by permission) of the same court, dated September 8, 1978, which denied his motion, pursuant to CPL 440.10, to vacate the judgment. Judgment and order affirmed. We have most carefully considered not only the brief of defendant's counsel, but defendant's *pro se* brief, and have concluded that there is no merit to these appeals. Titone, J. P., Shapiro, Margett and Martuscello, JJ., concur.

■ The People of the State of New York, Appellant, v Patrick Bourne, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated April 20, 1978, which granted the defendant's motion to dismiss the indictment on the ground that the evidence presented before the Grand Jury was not legally sufficient to establish the crimes charged. Order reversed, on the law, motion denied and indictment reinstated. The evidence before the Grand Jury was sufficient to sustain the indictment (see *People v Wright,* 68 AD2d 930). Titone, J. P., Shapiro, Margett and Martuscello, JJ., concur.

■ The People of the State of New York, Appellant, v Jose Figueroa, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered May 26, 1978, which granted the defendant's motion to dismiss the indictment on the ground that the evidence presented before the Grand Jury was not legally sufficient to establish the crimes