■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ELLIOTT WRIGHT, True Name ALEXANDER WRIGHT, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated March 6,

1978, which granted defendant's motion to dismiss the indictment on the ground that the evidence presented before the Grand Jury was not legally sufficient to establish the crimes charged. Order reversed, on the law, motion denied, and indictment reinstated. On July 13, 1977, the evening of New York's most recent blackout, at 10:45 P.M., defendant was discovered by Police Officer Robert Foglia inside the Public Appliance Store at 840 Flatbush Avenue, Brooklyn, New York. The iron gate outside the store had been torn away, the display windows had all been shattered and the front window was also broken. The store was not then open for business. As Foglia approached the store, defendant, who had "property" in his possession, dropped the property and attempted to flee. He was arrested and, based solely upon Foglia's testimony, he was indicted for third degree burglary, petit larceny and criminal possession of stolen property in the third degree. Defendant then moved to dismiss the burglary count on the ground that the owner of the store had neither testified nor submitted an affidavit stating that defendant had no permission or authority to be present inside the store when he was arrested. Defendant demanded the dismissal of the remaining counts on the ground that the owner had not testified or presented an affidavit stating that the property which defendant was attempting to remove did not belong to him. The court granted the defendant's motion. The indictment must be reinstated. In *People v Borrero* (26 NY2d 430) the Court of Appeals held that a necessary element of a crime, namely the defendant's nonownership of property, could be established by circumstantial evidence alone, where the circumstances of the crime, according to common human experience, would lead a reasonable man to accept the inferences asserted for the established facts. Since circumstantial evidence alone can provide proof of an element of a crime beyond a reasonable doubt, *a fortiori*, it can provide the legally sufficient evidence required for an indictment (CPL 190.65). That the defendant in the instant case was present in a store not open for business, that the blackout made the use of the store impossible, that the store had been forcibly entered at some point, and that defendant dropped the property that he was holding and fled upon the arrival of the police, all warrant the conclusion that he had no right to be inside the store (cf. *People v Borrero, supra*). Therefore, the burglary count must be reinstated. For the same reasons, the remaining counts of the indictment must also be reinstated. Titone, J. P., Shapiro, Margett and Martuscello, JJ., concur.