■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AARON TURNER, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated May 26, 1978, which granted the defendant's motion to dismiss the indictment on the ground that the evidence presented before the Grand Jury was not legally sufficient to establish the crimes charged. Order reversed, on the law, motion denied and indictment reinstated. The evidence before the Grand Jury was sufficient to sustain the indictment (see *People v Wright,* 68 AD2d 930). Titone, J. P., Shapiro, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON WATFORD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 17, 1977, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and sentencing him to an indeterminate prison term of from three years to life. Judgment affirmed. There is no need to resolve the question of when the prosecutor should have apprised defendant of the existence of "twenty something" additional tapes, since the fact is that (as shown in the *voir dire* transcripts) defense counsel, after having conducted his *voir dire* of the jury, was apprised of the additional tapes and was *given an opportunity* —which he utilized—to examine them. Prejudice might have resulted from this alleged eleventh hour disclosure of the additional tapes only if defense counsel had *not* been granted the right to inspect them or, if having inspected them, he had been denied a mistrial, or had been granted a mistrial solely on the condition which the defendant claims the prosecutor imposed, viz., that the defenses of entrapment and agency be waived. At bar, however, it is manifest from the *voir dire* minutes and the plea and sentence minutes that, on the basis of the examination of the additional tapes, defendant and his counsel concluded that there was no merit to their proposed defenses and that the best course for defendant would be to enter the proffered guilty plea and obtain the sentence which was ultimately imposed. Thus, at page 31 of the *voir dire* minutes of May 6, 1977 defense counsel stated: "I saw some tapes yesterday; of course, they weren't originals. They were handwritten. The language is incomprehensible to me but in talking with the police officers, and in talking with Miss Brill, the jury might easily infer certain things which might be inhumanible *[sic]* to a defense of entrapment. Again, I say it's a matter of interpretation. Now I could not ethically urge that defense in the light of what I have since found. I also, Your Honor, wish to absolve Miss Brill of any ill doing in this case. I'm sure that as just as soon as she found out about the tapes, she came rushing into Court just like they do on the T.V. I say that because Miss Brill kept talking about T.V., that nothing traumaticly *[sic]* is going to happen, and in fact, it did. I assure the Court that had I been aware of those tapes, I would not have urged the defense of entrapment. I can't in good conscience do that, and I wouldn't do it even at this late date." We also find that the sentence imposed was not an abuse of discretion under the facts of this case. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.