OPINION OF THE COURT
Joseph G. Golia, J.
The defendant herein is charged with violating Penal Law § 265.01 (2) in that he possessed a dangerous or deadly instrument or weapon, to wit, a pellet gun with intent to use unlawfully against another.
He now moves to dismiss the charge on the grounds that the People have violated the strictures of CPL 30.30 (1) (b) in that they have failed to submit a ballistics report within 90 days from the commencement of the criminal proceeding and, therefore, did not timely convert the misdemeanor complaint into an information.
*390 The People contend that a ballistics report is unnecessary at this stage of the proceeding and that, in any event, the misdemeanor complaint should have been deemed an information from its inception.
This court is duly concerned with the general state of misunderstanding by otherwise competent and experienced counsel concerning the function and requirements of various accusatory instruments which accompany a matter through the criminal justice system. I will now endeavor to disabuse those counsel of these misconceptions.
I am, therefore, compelled to examine the various types of accusatory instruments and their respective functions, requirements and limitation.*
Accusatory instruments are defined by CPL 100.10 and read, where pertinent, as follows:
“1. An ‘information’ is a verified written accusation by a person, filed with a local criminal court, charging one or more other persons with the commission of one or more offenses, none of which is a felony. It may serve as a basis both for the commencement of a criminal action and for the prosecution thereof in a local criminal court * * *
“4. A ‘misdemeanor complaint’ is a verified written accusation by a person, filed with a local criminal court, charging one or more other persons with the commission of one or more offenses, at least one of which is a misdemeanor and none of which is a felony. It serves as a basis for the commencement of a criminal action, but it may serve as a basis for prosecution thereof only where a defendant has waived prosecution by information pursuant to subdivision three of section 170.65.” (Emphasis added.)
The initial filing of an accusatory instrument provides the basis for the court’s jurisdiction over the person and the proceeding._
*391 It is well settled that in order to withstand a motion to dismiss pursuant to CPL 30.30, a misdemeanor complaint must be supplanted by an information within the prescribed time (see, People v Colon, 110 Misc 2d 917), absent waiver by the defendant pursuant to CPL 170.65 (3). (People v Thompson, 111 Misc 2d 521.)
A misdemeanor complaint therefore serves as the basis for commencing the criminal action and permitting the court to arraign and exercise temporary control over the defendant’s person (People v Niosi, 73 Misc 2d 604).
Misdemeanor complaints differ from informations in that informations, which exercise continuing control, require that every element of the offense charged and the defenadant’s commission thereof must be supported by nonhearsay allegations and/or by supporting depositions (see, CPL 100.15).
More particularly, an information is sufficient only when: “(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof” (CPL 100.40).
The right of a defendant to be prosecuted by an information as opposed to a misdemeanor complaint is a substantial right. It takes into account the difference between the two instruments, to wit: a misdemeanor complaint may rest on hearsay allegations whereas an information cannot. (People v Pinto, 88 Misc 2d 303.)
Presently, the defendant contends that absent a ballistics report showing that the subject instrument was a pellet gun, the allegation contained in the accusatory instrument concerning possession of said gun is merely hearsay.
Thus, the issue as framed herein by its very nature raises a most perplexing and interesting problem that confronts those who venture into the arena of criminal law.
To resolve this problem, I must decide whether such ballistics report is necessary to satisfy the requirement that the accusatory instrument contain “non-hearsay” allegations.
If such report is necessary then I must grant defendant’s motion and dismiss these proceedings pursuant to CPL 30.30. If I decide it is unnecessary, then I must additionally determine whether the arresting police officer’s statement identifying the object as a pellet gun constitutes a “non-hearsay” allegation in conformity with CPL 100.15.
*392 In the event that such statement is in conformity, I must further decide whether the original misdemeanor complaint, which contains such statement along with the other requirements of an information, may be deemed an information from its inception without any further court notation or intervention.
Having defined the issues involved, the court will now endeavor to resolve these questions.
The general consensus has been that a ballistics report would be necessary in order to convert a misdemeanor complaint into an information. Such consensus becomes evident if one examines the number of matters that are dismissed for failure of the People to submit such report.
The present misdemeanor complaint, as originally filed, contains the arresting officer’s sworn definite statement that the object in question is a “pellet gun”.
It should be noted that in all other respects the sufficiency of the misdemeanor complaint is uncontested.
As previously stated herein, the sole distinction between the requirements of a misdemeanor complaint and an information is that an information must be supported by nonhearsay allegations.
The purpose of requiring such nonhearsay allegations in an information is to provide the defendant with adequate notice of the alleged crime in order to make possible the preparation of a defense (People v Bertram, 302 NY 526). An information must contain allegations with sufficient particularity in order to prevent a defendant from being retried for the same offense in the event of an acquittal (People v Crisofulli, 91 Misc 2d 424).
In Crisofulli (supra), the verified facts in the information purporting to charge that defendant with criminal possession of a controlled substance stated that the deponent (the police officer) observed that defendant in possession of two vials; one containing 8 blue pills and the other containing 29 purple pills. The Crisofulli court found that the police officer’s sworn statements were not inculpatory and therefore dismissed the information as being insufficient because neither “blue pills” nor “purple pills” were among the controlled substances listed in the Public Health Law.
This court is in agreement with both the holding and the rationale of Crisofulli (supra). It is the absence of particularity in the instrument that caused the court to find the information insufficient. The Crisofulli court rightfully found that a defendant charged with a possessory type crime is entitled to be fully *393 apprised of the identity of the item he allegedly possessed with sufficient particularity to afford him the opportunity to defend the action and to prevent his being retried for the same possession.
The Crisofulli court did not find that a scientific report, which merely confirms the allegations but in no way particularizes them, was necessary at that stage of the proceeding.
This court finds it immaterial whether the possessory charge in Crisofulli (supra) addresses itself to drugs and not to weapons. It is axiomatic that there is no substantive distinction between a ballistics report and a chemical laboratory report.
The present accusatory instrument does not suffer from the same disability as the accusatory instrument in Crisofulli (supra) in that it contains sufficiently detailed facts which enable the defendant to be apprised of the charges against him and to prepare for his defense.
I therefore find the police officer’s" sworn statement as contained in the present misdemeanor complaint constitutes a proper nonhearsay allegation of one of the material elements of the crime charged.
Turning now to the question of whether or not a police officer’s opinion as to the identity of an object as a “pellet gun” is sufficient without additional proof of his expertise in identifying arms.
The well-established rule regarding the opinions of lay or nonexpert witnesses was enunciated by the New York Court of Appeals in the 1849 case of Morehouse v Mathews (2 NY 514, 515-516) wherein the court stated “witnesses must be confined to the communication of facts, and not opinions or conclusions which they may have formed from facts, whether known to themselves, or derived from the testimony of others. It is the special duty of the jury to draw conclusions, and not of the witness (1 Phil. Ev. 290.) The exceptions to the general rule are confined to questions of science, trade, and a few others of the same nature * * * In such a case, his testimony would not be opinion, it would be knowledge” (see also, Moran v Standard Oil Co., 211 NY 187 [1914]).
Since the time of the Morehouse decision (supra), the courts have expanded their views regarding the admission of testimony of ordinary witnesses to include those items which are recognizable through every day experience. This expansionist trend can be attributed to the fact that the difference between a statement *394 of conclusion, inadmissible as evidence and an admissible statement of fact is in many cases “shadowy and difficult to define” (Matter of Search For & Seizure of Liqs., 204 App Div 185, 187 [3d Dept 1923]).
In 1971, the court in People v Kenny (36 AD2d 477, 478 [3d Dept]) stated the current attitude of the courts regarding opinions of lay witnesses by holding that “[o]pinions of lay witnesses may be received in evidence when the facts which constitute the opinion are incapable of descriptions, the subject matter is one that does not require expert knowledge, and the witness is qualified to give the opinion.”
The subject matters about which the common man’s opinion has been held admissible include: the identification of a substance as blood, the speed of moving vehicles, the drunken condition of an individual, matters of color, weight, size, quantity, inferences of identity as to race, language, persons, visibility, sound, taste, smell, touch, etc. (Richardson, Evidence § 364 [a], [b], [h], [j], at 329-333 [10th ed]).
Specifically with regard to the exception made for identifying a substance as blood, the court in the case of Greenfield v People (85 NY 75, 85 [1881]) stated that “in matters of common observation, where persons have special opportunity to learn from the nature of their avocations or otherwise, although not strictly experts, their conclusion as to a fact is admissible, the weight to be given to the evidence being governed by the circumstances, and by the experience and knowledge of the witness as to the subject matter of the inquiry.” This remains the rule today.
Therefore, courts have admitted the opinion testimony of lay witnesses in matters of common observation where the subject matter would otherwise be difficult to describe without stating a conclusion. This is particularly so where such testimony is based on the witness’ experience with the subject matter in question (i.e., classifying this opinion as knowledge in Morehouse v Mathews, supra).
Accordingly, I find there is no question that the training and experience of a police officer sufficiently qualify him to identify a “pellet gun” without additional proof of his expertise in this area. To hold otherwise would be to ignore the common knowledge possessed by our law enforcement personnel.
Let us assume, arguendo, the defendant’s contention that a ballistics report is necessary at this stage of the proceeding. Under such circumstances, the court would be expanding the function of an accusatory instrument (designed to inform the *395 defendant of the charges against him), into a discovery device which would provide evidence that is best left for the trial.
Whereas this court acknowledges, where applicable, that expert testimony would be required at trial, such expert opinion is not necessary to withstand a motion to dismiss an information as being insufficient.
This court concludes that the result in Crisofulli (91 Misc 2d 424, supra) would have been very different if that information specifically charged the defendant with possessing Quaaludes, cocaine, marihuana, heroin or some other specifically identified substance. Such specificity would have been sufficient to inform the defendant of that which he must prepare himself against and would prevent him from being retried should he be acquitted.
Consequently, it would be unnecessary to prove the genuineness of a controlled substance beyond a reasonable doubt at such an early state in the proceeding.
In view of the analysis and findings as set forth above, I turn now to the last issue facing the court. That being whether or not the misdemeanor complaint may be deemed an information without the court having actively noted the conversion.
CPL 170.65 (1) provides that: “If the misdemeanor complaint is supplemented by a supporting deposition and such instruments taken together satisfy the requirements for a valid information, such misdemeanor complaint is deemed to have been converted to and to constitute a replacing information” (emphasis added).
This court has determined that the original accusatory instrument denominated as a misdemeanor complaint contained all the essential elements of an information.
It has been held that absent an active and conscious conversion by a court, it is not possible to convert a misdemeanor complaint into an information (People v Ryff, 100 Misc 2d 505).
The Ryff court found the phrase “deemed to have been converted” (as set forth in CPL 170.65) ambiguous and flies in the face of the statutory scheme of CPL 180.50 which requires that an affirmative step by a court is necessary to reduce a felony complaint to an information.
The Ryff court was properly concerned with the prosecutor’s action of replacing a felony complaint with a misdemeanor complaint, then deeming said complaint to be an information pursuant to CPL 170.65 and thereby circumventing the strictures of CPL 180.50.
*396 Without commenting upon the court’s dicta in Ryff (supra), I find the present case distinguishable. The instant matter concerns itself with a misdemeanor complaint from the outset while Ryff was concerned with reducing what was originally a felony complaint to an information.
Therefore, since the initial accusatory instrument filed against this defendant at all times comported with the statutory requirements of an information; in that the instrument contained all the material allegations with sufficient particularity, I find that the instrument, from its inception, was a valid information and a proper instrument for the prosecution of the defendant (see, People v Gittens, 103 Misc 2d 309).
While this court is not faced with the question of the requirements of the sufficiency of proof before a Grand Jury, the court nevertheless notes the similarity of said requirements (People ex rel. MacSherry v Enright, 196 App Div 964).
Accordingly, defendant’s motion to dismiss for lack of prosecution is denied.

 The court notes the unusual amount of time taken to file this decision, and takes this opportunity to explain the circumstance.
In April this year the court had filed a decision in the present matter. That decision had been delivered to the appropriate Trial Term clerk for filing. Prior to delivering the above noted copy of the clerk, I was transferred to the jurisdiction of the Civil Court in another county.
Subsequently it came to my attention that that decision was never filed.
After a long and diligent search the court is now satisfied that that decision cannot be found.
Due, however, to the importance of the issues presented herein the court feels compelled to reconstitute the decision. This decision replaces the one which was never filed.