OPINION OF THE COURT
Harold Adler, J.
In a case of apparent first impression, this court is presented *115 with the issue of whether an accusatory instrument charging criminal possession of a crossbow must be supported by allegations that the crossbow is operational. The defendant stands charged with Penal Law § 265.01 (2) (criminal possession of a weapon in the fourth degree) and moves for dismissal on the grounds that the People have failed to allege operability of the crossbow and an intent to use the crossbow against another.
The factual portion of the accusatory instrument states merely that "the defendant had on his person a crossbow”. The defense makes two arguments for dismissal. First, they contend that the accusatory instrument is facially insufficient because it fails to allege that the defendant intended to use the crossbow against another. Second, they argue for dismissal on the grounds that the accusatory instrument does not contain allegations that the crossbow is operational. They contend that if operability is an essential element of Penal Law § 265.01 (2), then the failure to plead this renders the accusatory instrument jurisdictionally defective on its face. Moreover, if operability is an essential element, then the failure to plead this within 90 days of the filing of the accusatory instrument means that the accusatory instrument was never converted into an information and must be dismissed on CPL 30.30 speedy trial grounds. (People v Colon, 59 NY2d 921 [1983].) The accusatory instrument in this case was filed on June 6, 1996.
INTENT
Pursuant to CPL 100.15, a criminal court accusatory instrument must contain an accusatory portion that designates the crimes charged and a factual portion that alleges facts of an evidentiary character supporting the charges. An accusatory instrument is facially sufficient if it contains facts of an evidentiary nature that support or tend to support the crimes charged (CPL 100.15 [3]; People v Dumas, 68 NY2d 729 [1986]) and contains nonhearsay allegations that establish, if true, every element of the crimes charged. (See, CPL 100.40 [1] [b], [c].) Mere conclusory statements will not suffice. (People v Dumas, supra.) An accusatory instrument that fails to satisfy these requirements is fatally defective. (People v Alejandro, 70 NY2d 133, 139 [1987].)
An essential element of Penal Law § 265.01 (2), is that the defendant possess the weapon with intent to use it unlawfully against another. The statute provides: "A person is guilty of criminal possession of a weapon in the fourth degree when” *116 "[h]e possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol, or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another”.
In the current case, the accusatory instrument fails to allege an intent to use the crossbow unlawfully against another. However, a presumption of intent is found in Penal Law § 265.15 (4). That statute provides, in pertinent part: "The possession by any person of any dagger, dirk, stiletto, dangerous knife or any other weapon, instrument, appliance or substance designed, made or adapted for use primarily as a weapon, is presumptive evidence of intent to use the same unlawfully against another.”
The defense argues that this presumption does not apply here because, by the very language of the statute, the presumption applies only where the alleged instrument is "designed, made or adapted for use primarily as a weapon”. (Penal Law § 265.15 [4].) Thus, the presumption has been held not to apply where the weapon possessed was a baseball bat (People v Santiago, 61 AD2d 801 [2d Dept 1978]), where it was a steak knife at the defendant’s home (People v Bell, 158 AD2d 697 [2d Dept 1990]), and where it was a straight razor. (People ex rel. Pena v New York State Div. of Parole, 83 AD2d 887 [2d Dept 1981]; People v Boykin, 135 Misc 2d 341 [Crim Ct, Queens County 1987].) The defense argues that a crossbow is not a "weapon, instrument, appliance or substance designed, made or adapted for use primarily as a weapon” (Penal Law § 265.15 [4]) and that the presumption of unlawful intent therefore does not apply. However, this court disagrees.
Although "crossbow” is not listed under Penal Law § 265.15 (4) as a weapon the possession of which is presumptive evidence of intent to use the same unlawfully against another, it would be impossible for the Legislature to list all objects made or adapted for use primarily as a weapon. Thus, courts have focused their inquiries not on the exact measurement or physical characteristics of the particular object, "but the purpose for which it is designed.” (People v Schoonmaker, 40 AD2d 1066 [3d Dept 1972]; People v Ford, 122 Misc 2d 716 [Crim Ct, NY County 1984].)
A crossbow — unlike a baseball bat, a steak knife, or a razor — is made for use primarily as a weapon. The presumption of intent found in Penal Law § 265.15 (4) therefore applies. In fact, "a weapon” are the first two words of Webster’s Dictionary definition of a crossbow, which reads: "a weapon *117 having a short bow mounted crosswise near the end of a wooden stock that resembles the stock of a modern rifle and that is often provided with a mechanical device by which the string is drawn back and fixed and being usufually] shot from the shoulder by means of a trigger that releases the string and discharges a quarrel lying in a groove in the stock”. (Webster’s Third New International Dictionary 541 [unabridged 1986].)
expert’s report
Proof of operability is most commonly, and conveniently, established through the introduction of a ballistics report (CPL 190.30), although any element of a crime may be established circumstantially. (See, People v Borrero, 26 NY2d 430 [1970]; People v Wright, 68 AD2d 930 [2d Dept 1979].) The defense argues that because the accusatory instrument does not establish the operability of the crossbow, it is facially insufficient. In support of this argument, the defense cites cases where courts have ruled that the operability of certain firearm-like weapons must be attested to by an expert. (People v Laureno, 163 Misc 2d 873 [Crim Ct, Kings County 1995]; People v Lynch, 145 Misc 2d 354 [Crim Ct, Kings County 1989]; People v Carter, NYLJ, June 25, 1993, at 22, col 2 [Crim Ct, NY County].) The defense contends that the prosecution in the current case must similarly establish the operability of the crossbow.
The People respond that operability must be established only in cases where the weapon possessed is one that has its operational characteristics defined by statute. They contend that because crossbows are not statutorily defined weapons, expert attestation is not required in this case.
The Penal Law definition of firearm does not mention the element of operability. (Penal Law § 265.00 [3].) However, an operability element has become well established through case law: when proof of operability is an essential element of the crime of possession of a firearm, operability must be pleaded with nonhearsay allegations. (Matter of Rodney J., 83 NY2d 503, 507 [1994]; People v Shaffer, 66 NY2d 663 [1985]; People v Harvin, 126 Misc 2d 775 [1984]; People v Grillo, 15 AD2d 502 [2d Dept 1961], affd 11 NY2d 841 [1962].) However, it is less established whether this rule applies where the weapon possessed is not a firearm but is another kind of projectile-firing weapon.
In People v Adorno (128 Misc 2d 389 [1984]), the defendant allegedly possessed a pellet gun. The defense moved to dismiss under CPL 30.30 (1) (b) in that the People had failed to submit *118 a ballistics report within 90 days from the commencement of the action and therefore did not timely convert the complaint into an information. The court rejected the defense argument for proof of operability at the pleading stage, holding that such proof would expand the function of an accusatory instrument into a discovery device that would require the people to provide evidence best left for trial. (People v Adorno, supra, at 393-395.)
However, a different result was reached in People v Lynch (145 Misc 2d 354 [1989], supra). In that case it was alleged that the defendant possessed an electronic stun gun, but there were no allegations as to the stun gun’s operability. The court disagreed with the holding of People v Adorno (supra), and noted that both a pellet gun and a stun gun, like a firearm, are incapable of inflicting injury unless operable. The court rejected the argument that a ballistics report was evidence best left for the trial stage, and held that the People cannot answer ready for trial in the absence of a report demonstrating the operability of the weapon. The Lynch court stressed that: "[b]ecause there is no Grand Jury proceeding to establish the existence of a prima facie case prior to trial as with an indictment, an information must establish every element of the crime charged by nonhearsay factual allegations so the court can determine if it establishes a prima facie case. (People v Alejandro, 70 NY2d 133 [1987].)” (People v Lynch, supra, at 356.) The analysis and holding of Lynch are compelling.
Furthermore, the Court of Appeals recently addressed the issue of the legal sufficiency of trial evidence where the defendant was convicted of possession of rifles or shotguns under Penal Law § 265.01 (4) without proof that the weapons were operable. In that case, People v Longshore (86 NY2d 851 [1995]), the Court reversed the conviction because operability of the weapons was not established. The Court discussed the operability requirement well-established in handgun cases, and extended it to rifle and shotgun cases: "Although the statute is silent on the point, it is now accepted that to establish criminal possession of a handgun the People must prove that the weapon is operable * * * It appears that the courts have assumed the same rule applies to criminal possession of rifles and shotguns under Penal Law § 265.01 (4) * * * Requiring proof of operability for the two offenses is reasonable because there is no functional difference between a handgun and a rifle or shotgun, and no principled reason to treat them differently in this respect for purposes of the criminal possession statutes. Both are capable of inflicting serious injury or death only if *119 operable and both are appropriately regulated under those circumstances * * * Accordingly, we hold that to establish a violation of Penal Law § 265.01 (4), the People must establish that the defendant possessed an operable rifle or shotgun”. (People v Longshore; supra, at 852 [citation omitted].)
Similarly, there is little functional difference between a rifle and a crossbow and there is no principled reason to treat them differently for purposes of criminal possession. The operability rule for handguns therefore applies to the crossbow in this case, i.e., operability is an essential element of criminal possession of a crossbow. Thus, where a defendant is charged with possession of a crossbow, the accusatory instrument cannot be converted into an information without some proof as to the element of operability.
Because the accusatory instrument in this case was never converted into an information, it is jurisdictionally deficient. (See, CPL 170.65; People v Colon, 59 NY2d 921, supra, revg 112 Misc 2d 790, on reasoning at 110 Misc 2d 917; People v Thompson, 111 Misc 2d 521 [Crim Ct, NY County 1981], affd 120 Misc 2d 444 [App Term, 1st Dept 1983].) Because this jurisdictionally deficient accusatory instrument was pending for a period in excess of the 90-day speedy trial requirement, dismissal is required pursuant to CPL 30.30. (People v Colon, supra; People v Sturgis, 38 NY2d 625 [1976]; People v Harvin, 126 Misc 2d 775 [Crim Ct, Bronx County 1984], supra.)
Accordingly, the defense motion to dismiss for failure to allege operability is granted.