OPINION OF THE COURT
Dargel Clark, J.
Defendant moves for dismissal of the accusatory instrument on the ground that her right to a speedy trial has been violated. Defendant was arraigned on March 14, 2000 on a misdemeanor *225 complaint charging her with two counts of criminal sale of marihuana in the fourth degree (Penal Law § 221.40), two counts of criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]), and unlawful possession of marihuana (Penal Law § 221.05). Inasmuch as this complaint includes an A misdemeanor, a B misdemeanor and a violation, the applicable speedy trial period is 90 days from commencement of the action. (CPL 30.30 [1] [b].) Defendant argues that the entire period from commencement of the action to the filing of this motion (135 days) is chargeable to the People because they failed to properly convert the complaint into an information.
The action commenced with the filing of an accusatory instrument on March 14, 2000, charging alleged drug transactions on three different dates. Specifically, on February 29, 2000, defendant is alleged to have sold marihuana to an undercover police officer, shield No. 11264. This undercover police officer performed a field test on the substance, which tested positive for marihuana. On March 6, 2000, undercover police officer, shield No. 11264, allegedly engaged in a drug transaction with defendant for three bags containing a dried green leafy substance. The undercover police officer performed a field test on this substance and it tested positive for marihuana. In the third incident, on March 13, 2000, a search warrant was executed at an apartment where defendant was present, resulting in the recovery of 10 bags containing a dried leafy substance from a dresser drawer. A field test of these bags resulted in a positive test for marihuana. Following defendant’s arraignment on this instrument, the case was adjourned for the filing of a supporting deposition from undercover police officer, shield No. 11264, and for the filing of any lab reports. This information was necessary to convert the complaint into a valid information. On April 12, 2000, the People were not in possession of a supporting deposition or lab report, necessitating an adjournment to May 10, 2000. They concede that this entire period of 57 days, from March 14 to May 10, is chargeable to them.
On May 10, 2000, the People still did not have the necessary papers for conversion. The Court marked the case final against the People, adjourned it to June 14, 2000, and charged them with all time until the lab report and supporting deposition were filed and served. On May 12, 2000, the People filed off-calendar a statement of readiness along with a supporting deposition from undercover police officer, shield No. 11264, and three field test reports. Two reports were signed by undercover police officer, shield No. 11264, for the February 29, 2000 and *226 March 6, 2000 sales, and the third report was signed by undercover police officer, shield No. 2207, for the March 13, 2000 search warrant.
Recent court decisions have provided that field tests, as opposed to lab reports, are sufficient to convert a complaint into an information. (See, People v McIntyre, 185 Misc 2d 58 [Crim Ct, Bronx County 2000], and the cases cited therein.) However, the Court finds that the two field tests signed by undercover police officer, shield No. 11264, are insufficient to provide conversion. There is no indication that these field tests relate to the defendant at all. In the space provided for the prisoner’s name, it says “Case Buy” or “Lost Subject.” There is also no date of occurrence or arrest. This Court is aware of the practice and procedures of the New York City Police Department “Long Term” narcotics operations. In these situations, it is customary that undercover police officers make several narcotics purchases from a drug suspect in order to develop a strong case. The ultimate goal is to obtain a search warrant for the sale premises and to arrest the seller for the previous sales. These operations normally commence with a “Case Buy,” which is the first purchase of drugs by the undercover police officer from a subject. The subject is not immediately arrested after the case buy because that would defeat the purpose of “Long Term” operations. Consequently, the defendant’s name and identity is unknown until an arrest is made. However, during the investigation, the undercover police officer’s police reports, including field tests, refer to the seller with a John Doe name, or as “Lost Subject.” The police paperwork also includes the date and location of the sale, along with the property voucher number assigned to the drugs. In the absence of the seller’s name, these indicators are used to connect the subsequently arrested defendant to the prior sales.
In the case at bar, the field tests submitted for the February 29 and March 6 incidents lack the above-mentioned connection to the defendant. Although the property voucher number is included, the People did not file it to make the connection. Accordingly, conversion for criminal sale of marihuana in the fourth degree and criminal possession of marihuana in the fifth degree did not occur with the May 12, 2000 statement of readiness. The field test for the March 13, 2000 incident does properly relate to the defendant. However, it was prepared by undercover police officer, shield No. 2207, and the People failed to provide a supporting deposition from this officer. Therefore, the unlawful possession of marihuana count was not converted on May 12, 2000.
*227 On May 23, 2000, the People filed another off-calendar statement of readiness along with a superseding complaint. In relation to the incident occurring on March 13, 2000, the new complaint states that the field test was performed by undercover police officer, shield No. 2207. The original complaint stated that the test was done by the police officer who executed the search warrant and recovered the 10 bags of marihuana from the dresser drawer. A supporting deposition from undercover police officer, shield No. 11264, and undercover police officer, shield No. 2207, was also filed; however, no field tests were filed. The only field tests in the court file were those submitted on May 12, 2000. The field tests prepared by undercover police officer, shield No. 11264, have been rendered insufficient. The field test prepared by undercover police officer, shield No. 2207, is sufficient, and, coupled with the supporting deposition signed by that officer, converts the unlawful possession of marihuana charge for the March 13, 2000 incident.
On the next scheduled court date, June 14, 2000, the court action sheets indicate that the supporting depositions and field tests were filed and served and the complaint was deemed an information. However, the People still did not make the proper connection between the defendant and the field tests submitted for the February 29 and March 6 incidents. These have been determined to be insufficient. Accordingly, this Court now determines that the charges for those dates still have not been converted. The case was adjourned to August 2, 2000 for motions.
On July 27, 2000, defendant filed the instant speedy trial motion. The Court finds that, as of this date, 135 days have passed since commencement of the action on March 14, 2000. The only charge which has been converted is unlawful possession of marihuana relating to the March 13, 2000 incident. This conversion occurred on May 23, 2000, within the 90-day limit imposed by CPL 30.30 (1) (b). Accordingly, this Court is required to dismiss the two counts of criminal sale of marihuana in the fourth degree and the two counts of criminal possession of marihuana in the fifth degree for failure to convert within the 90-day time period. The only remaining count is unlawful possession of marihuana.