OPINION OF THE COURT
Gerald Harris, J.
The defendant, Justin Blake, was charged with two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and one count of unlawful possession of marijuana (Penal Law § 221.05).* The factual portion of the complaint alleges that the deponent police officer “recovered two (2) controlled substances, to wit hydrocodone and alprazolam from the defendant’s right hand.” The officer’s description of the drugs is based upon “his professional training as a police officer in the identification of drugs, his prior experience as a police officer in drug arrests and observation of the packaging which is characteristic of this type of drug [szc].” When the two tablets alleged to have been seized were analyzed at the police laboratory, the officer’s conclusions proved to be wrong as the substances turned out to be clonazepam and oxycodone.
The defendant has moved to dismiss the complaint as defective, pursuant to CPL 170.30 (1) (a), on the grounds that the laboratory report is not adequately referable to the defendant and to the crime charged in the complaint and, therefore, does not satisfy the requirements of CPL 100.40. Alternatively, the defendant’s motion argues that the complaint should be dismissed because it has not been properly converted to an information upon which the People may proceed to trial and, therefore, the People are not ready for trial and are chargeable with 125 days, for purposes of Criminal Procedure Law § 30.30 (D (b).
The defendant’s motion, which is labeled a motion to reargue, presumably seeks to undo the court’s determination, made on August 3, 2004, that the complaint became an information upon the service and filing by the People of the laboratory report. This motion to reargue was denied on December 1, 2004. Because the motion raised a potentially recurring and relatively novel issue, the court deems it useful to more fully explain, by this written opinion, the basis for its earlier ruling.
The defense motion argues that because the laboratory report describes the substances tested as drugs other than those described in the complaint and because the report does not *960 include the date, time or place of the offense, it does not reasonably relate to the complaint, does not adequately support the hearsay allegations therein, and may not serve to convert the complaint to a trial-ready accusatory instrument.
It is the defendant’s position that a police laboratory report is, in effect, a supporting deposition within the definition set forth in CPL 100.20, and that the report here cannot convert the complaint because it fails to refer to the complaint nor does it contain the same factual allegations, such as the time, date and place of the events and it gives a different description of the substances seized.
Defendant’s reliance upon People v Gannaway (188 Misc 2d 224 [Grim Ct, Bronx County 2000]), for the proposition that the complaint is not connected sufficiently to the defendant, is misplaced. Unlike the field test in that case, the laboratory report here includes the defendant’s name, the docket number of the case and the property clerk’s invoice number. The lack of reference to time, date and location is typical of laboratory reports and the absence of that data does not invalidate the clear connection between the substances tested and the complaint in this case.
The fact that the chemical analysis determined that the drugs recovered were not as described by the arresting officer is of no legal consequence. It is unsurprising that even a trained police officer may mistakenly believe that a tablet contains a particular substance and it turns out, upon analysis, to be a different substance.
Although the complaint alleges the possession of hydrocodone and alprazolam and the analysis shows, instead, the presence of clonazepam and oxycodone, all four are controlled substances within the meaning of Penal Law § 220.03. The relevant portion of Penal Law § 220.00 (5) defines a controlled substance as “any substance listed in schedule I, II, III, IV or V of section thirty-three hundred six of the public health law.” The drugs suspected by the officer, and referenced in the complaint, hydrocodone and alprazolam, are listed in schedules II and IV respectively, of Public Health Law § 3306. The drugs identified in the laboratory analysis, oxycodone and clonazepam, are also listed in schedules II and IV respectively.
The misdescription of the substances in the complaint is understandable given that it was based upon visual inspection rather than chemical analysis. The defendant has not been misled in any meaningful way since the corrected description of the *961 substances was supplied to the defendant at the time of conversion and well in advance of trial. Thus, the complaint, which is plainly referable to the defendant, when read together with the laboratory report, gives the defendant adequate notice of the charges against him and ensures against the risk of double jeopardy. Thus, the complaint fulfills its dual function of notice sufficient for the defendant to prepare his defense and prevention of double jeopardy. (People v Bertram, 302 NY 526 [1951]; People v Perez, 195 Misc 2d 171 [Crim Ct, NY County 2003]; People v Adorno, 128 Misc 2d 389 [Crim Ct, Bronx County 1984]; People v Crisofulli, 91 Misc 2d 424 [Crim Ct, NY County 1977].)
In People v Crisofulli (supra), the court dismissed an information because the officer’s sworn statement merely alleged that the defendant possessed two vials containing “blue pills” and “purple pills.” Neither of these descriptions are among the controlled substances listed in the Public Health Law. The court held that a defendant charged with a possessory type crime is entitled to be fully apprised of the identity of the item he allegedly possessed with sufficient particularity to afford him the opportunity to defend the action and to prevent his being retried for the same possession. In the instant case, the laboratory report has provided the defendant with such information.
As to the defendant’s contention that the People must be charged either with 125 days (the period from July 29, 2004, the date of arraignment, until December 1, 2004, the date of decision on this motion) or, alternatively, 56 days (from July 29, 2004 until September 22, 2004), the court finds as follows. The People are chargeable with the five days between arraignment and the filing of the laboratory report on August 3, 2004, which as explained above, adequately converted the complaint to an information. All subsequent time until December 1, 2004 is excludable because of motion practice. (CPL 30.30 [4] [a].)

 The charge of Penal Law § 221.05 was dismissed on September 22, 2004.