Henderson W. Morrison, J.
The motion is denied. The words “ in any place ” as used in section 240.36 of the Penal Law mean any place, and they are not limited in scope so as to mean ‘ ‘ in any public place, ’ ’ as suggested by defendant.
The defendant has moved for an order dismissing the information herein on the ground that section 240.36 of the Penal Law applies only to loitering “in a public place,” despite the fact that the statute itself provides “ in any place ”. It is conceded herein that the defendant was arrested for loitering for the purposes described in the statute while in the back yard of a private home.
Section 5.00 of the Penal Law provides: “ The general rule that a penal statute is to be strictly construed does not apply to this chapter, but the provisions herein must be construed according to the fair import of their terms to promote justice and effect the objects of the law.”
In the enactment of the revised Penal Law, the temporary commission and the State Legislature have been most meticulous in the employment of its language. At the very outset of Title N, the Legislature defines the term “ public place,” (§ 240.00), indicating a precise use of the term when employed in this title. The title itself, ‘‘ Offenses against public order, public sensibilities and the right to privacy,” does not mitigate against construing the term ‘1 in any place ’ ’ in its fair import; that is, any place. For example, the offenses of harassment, section 240.25 and section 240.30 are defined under this same title, and yet it is clear that for the most part, these offenses can take place on either public or private property. It is interesting to note that the Legislature specifically delimited harassment by use of obscene language to “ a public place ’ ’. Thus, People v. Whit *634 man (157 N. Y. S. 1107) and People v. Tmmble (147 Misc. 727) cited by the defendant, are inapplicable.
The gravamen of the conduct sought to be controlled is the congregating for the purpose of using or possessing dangerous drug’s. There is no logical basis for excluding private property from the application of this statute, and it is clear that the Legislature did not intend such exclusion. Had it so intended, it would have said so.