Marie G. Santagata, J.
The defendant is charged with a violation of section 240.36 of the revised Penal Law, which provides that a person is guilty of loitering when he loiters or remains in any place with one or more persons for the purpose of unlawfully using or possessing a dangerous drug.
The charge arises out of an incident which occurred on June 16, 1970 at about 11:40 p.m. This defendant with five other boys was sitting around a picnic table on the patio in the backyard of a private residence. They had musical instruments and were playing music which disturbed the neighbors and the police were called. When the police arrived they found the boys talking and saw a pipe with smoke emanating therefrom on the table. The pipe contained a small amount of hashish. The defendant and the others were arrested and charged with a violation of section 240.36 of the revised Penal Law. The defendant was tried by this court, without a jury, as a youthful offender.
It is the contention of the defense that the words of the statute “ any place ” mean any public place and that a motion to dismiss should be granted on the grounds that the alleged acts occurred on private property, and, therefore, the People have failed to *192 prove a prima facie case. It is the further contention of the defense that the statute is so vague and indefinite that it should be held unconstitutional.
• The interpretation of this statute is one of first impression. In the revision of the New York criminal law, section 1533 (subd. 5) of the former Penal Law was redrafted and incorporated in the general loitering statute as subdivision 9 of section 240.35 of the revised Penal Law which states that a person is guilty of loitering when ‘1 he loiters or remains in any place with one or more persons for the purpose of unlawfully using or possessing a dangerous drug ”. Effective September 1,1968 this offense was removed from section 240.35, the general loitering statute, and made a class B misdemeanor in a separate section 240.36 of the revised Penal Law.
It is the opinion of this court that if the Bartlett Commission and the Legislature adopting its proffered statute intended that section 240.36 proscribe virtually the same conduct as former section 1533 (subd. 5), it would have followed the format and verbiage of that section which spelled out in specifics the places covered by the statute, to wit: “A person who * * * (5) * * * loiters about any stairway, staircase, hall, roof, elevator, cellar, courtyard or any passageway of a building ’ ’ etc.
Instead the commission selected the words “ any place ”. It may be argued that it would have been better draftsmanship for the statute to have utilized the language ‘ ‘ any place, public or private. ’ ’ However, the words ‘ ‘ any place ’ ’ are clear and precise in themselves. They mean ‘ ‘ without boundary, ” “ anywhere.” They cannot be interpreted to mean public place without the Legislature’s having added words of limitation or description. This court finds that if the crime of loitering is proven, it is no less a crime because it has been committed on private property. The court, therefore, construes the words to mean exactly what they say: any place.
The gravamen of the crime is lodged in the words ‘ ‘ for the purpose of ” (using or possessing a dangerous drug). In order to establish this element of the statute the proof must be clear, convincing and unequivocal. All facts must be clearly inconsistent with innocence and exclude to a moral certainty every hypothesis but guilt. (People v. Wachowics, 22 N Y 2d 369, 372.)
) The totality of the circumstances must indicate that the persons are loitering for the purpose of using or possessing a dangerous drug. The violation can only arise when the evidence discloses a pattern of behavior which transcends mere desire or intent. (Robinson v. California, 370 U. S. 660 [1962], con *193 curring opn. of Mr. Justice Harlan.) An overt act must be shown and this act must be of such nature and relevancy as to indisputably show the illicit purpose for the loitering. This statute cannot be made equivalent to a presumption of purpose, use or possession.
Society must necessarily concern itself with the ugly spectre of individual and group suicidal destruction from the cancer of drugs. However, the right to liberty and the rights of the accused, particularly the young, may not be eroded to the extent that the cure is worse than the present danger.
In the instant case the defendant and others were gathered in a private place for the purpose of playing music in the backyard. Neighbors called the police because the music disturbed them. There was a smoking pipe containing a spot of hashish on the table.
The mere fact that a pipe was on the table is insufficient evidence upon which to conclude beyond a reasonable doubt that this defendant was loitering with others for the purpose of using or possessing a dangerous drug. A pipe on the table does not create a presumption of purpose attributable to all.
The totality of the circumstances leads the court to the conclusion that the parties gathered for the purpose of making music and in the fabric of evidence evolved at the trial the charge against the defendant before the bar is pure conjecture.
Accordingly, the court finds the statute constitutional and the motion to dismiss is denied. The court finds the defendant not guilty.