THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER MONTANEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 23, 1974, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Hopkins, Acting P. J., Martuscello, Cohalan and Brennan, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and dismiss the indictment, with the following memorandum: The circumstantial proof adduced by the People did not establish defendant's guilt beyond a reasonable doubt. Were I not voting to dismiss, I would, in any event, vote for a new trial on the ground that, by the improper introduction of highly extraneous matter of an inflammable character, defendant was deprived of a fair trial. In reaching that conclusion I am not unaware of the new prejudice rule enunciated by the Court of Appeals in People v Crimmins (36 NY2d 230). The charge here was that defendant caused the death of decedent by his recklessness in handling a revolver—a clearly motiveless and unintentional crime. Despite that fact the People were permitted to introduce evidence by two witnesses of a purported overheard conversation in which defendant and decedent allegedly discussed shipments of cocaine and in which defendant is alleged to have charged the decedent with cheating him by selling him a bad lot of cocaine. Such highly prejudicial evidence "which improperly tended to show a predisposition to crime and also tended to prove" unlawful dealing in narcotics, "a crime with which defendant was not charged" (People v Nowak 46 AD2d 469) in a case in which motive was not a factor was highly improper (cf. People v McKinney, 24 NY2d 180). In their brief, the People

seek to justify the admission of this evidence "as proof of motive", citing *People v Molineux* (168 NY 264), but, later in their brief admit that the crime here charged "might be classified as motiveless." If anything, *People v Molineux* is authority for defendant since that case permits proof of other crimes where intent and motive are relevant to the proof of the crime charged and where the proof on those scores is otherwise equivocal. The rule there laid down does not apply, however, in a case of a motiveless crime. The two witnesses who testified to the overheard conversation were Charles Burthardt and Gail Dawson. While it is true that after objecting and then moving for a mistrial when such testimony was offered through the witness Burthardt (albeit upon an erroneous ground), defendant did not object when Dawson also narrated the "cocaine conversation", the first objection and mistrial motion should have alerted the trial court to the basic error and, in any event, was sufficient to preserve defendant's right to raise the question on this appeal.* In aggravation of the error in the reception of such evidence the prosecutor, in his summation, was permitted to argue the effect of the "cocaine conversation" and the trial court's charge alluded to the conversation. Further, the summation is replete with inferences and conjectures as to how the death was occasioned not based on any proof in the record, many of which observations were objected to. I should also add that the 10-year sentence meted out to defendant—a married man with two children—who has an apparently impeccable record, whose good character was attested to by his employer (who offered to reemploy him) and by his fellow employees—upon his conviction of a crime—if crime there was —of a purely accidental nature, is grossly excessive and constitutes not punishment but vengeance.

---

* It should also be noted that the witness Burthardt, after being permitted to testify fully on direct examination, refused, on cross-examination, to answer crucial questions as to alleged drug crimes committed by him. Defendant's motion thereupon made to strike all of his testimony from the record and to have the jury disregard it was denied. This may well have been additional error (see *People v Schneider,* 36 NY2d 708).