OPINION OF THE COURT
Louis B. York, J.
This case involves a "buy and bust” operation in Bronx County, New York, on November 26, 1986 in which the defendant was arrested and charged with loitering in the first degree (Penal Law § 240.36), and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]).
In a pretrial hearing held before me on June 22, 1987, the defendant moved to suppress the physical evidence seized, two vials of cocaine, as the product of a illegal arrest. The major question before the court is whether probable cause existed to arrest the defendant because he was standing on a street corner in the midst of an illegal drug sale.
*308 The only testimony before the court is that of Police Officer Frank Dimaggio who was the arresting officer in the "buy and bust” operation on the day in question. At approximately 3:15 p.m., Officer Dimaggio received a radio call with two descriptions of two males, one being that of a male from whom the undercover had purchased an amount of narcotics, and the other being the description of another male who was present at the scene when the narcotic sale took place.
In response to the radio call, Officer Dimaggio arrived at the scene and placed the two individuals described in the call under arrest. Officer Dimaggio arrested the defendant based upon the radio call and his own observation of defendant’s presence at the scene of the crime, searched him, and found two vials of cocaine on his person.
The defendant’s motion to suppress the two vials of cocaine as the fruit of an unlawful arrest places the burden on the prosecution to come forward with evidence establishing probable cause for the arrest. (People v Dodt, 61 NY2d 408, 415 [1984].) The People argue that they have met this burden by merely placing the defendant at the scene of the drug sale. However, this court finds that the defendant’s presence, without more, does not establish reasonable cause for arrest.
It is well settled that in order to constitute probable cause for a warrantless arrest, "it must appear to be at least more probable than not * * * that the [person] arrested is [the] perpetrator [of a crime], for conduct equally compatible with guilt or innocence will not suffice”. (People v Carrasquillo, 54 NY2d 248, 254 [1981]; People v Perez, 104 AD2d 454, 456 [2d Dept 1984].)
The mere presence of the defendant in the company of persons engaged in narcotics transactions does not constitute probable cause for arrest (People v Martin, 32 NY2d 123 [1973]). The gravamen of Penal Law § 240.36 is found in the words " 'for the purpose of * * * using or possessing” a controlled substance (People v Robert L., 66 Misc 2d 191, 192 [1971]). There is no testimony before the court that the defendant committed any overt act that would indicate any unlawful behavior or that the totality of the circumstances dictated a reasonable cause for belief that the defendant was standing on the street corner for anything other than a lawful purpose.
"Buy and bust” operations are a necessary response to the growing number of crimes involving illegal drug use. However, this tool cannot be allowed to become a weapon against *309 the very communities we are trying to protect by allowing this population to be preyed upon further by the suspension of their constitutional right to walk the streets of their neighborhood without fear of an unwarranted arrest.
Accordingly, this court finds no reasonable cause for the defendant’s arrest, and grants his motions to suppress the two vials of cocaine recovered.