THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JOHN MORETTI, Defendant.

City Court of Yonkers, December 20, 1988

## APPEARANCES OF COUNSEL

*Nobile, Magarian & DiSalvo (Steve Anduze* of counsel), for defendant.

## OPINION OF THE COURT

DARA M. KANE, J.

Defendant moves for an order dismissing the information

charging him with a violation of Vehicle and Traffic Law § 600 (1). The motion is granted on different grounds.

■ Defendant alleges that the failure to serve and file a supporting deposition within the time prescribed in CPL 100.25 renders the accusatory instrument insufficient on its face. This would be true only if the action was commenced by service of a simplified traffic information. This accusatory instrument is not a simplified traffic information (see, CPL 1.20 [5] [b]; 100.10 [2] [a]; 100.25, 100.40 [2]). This accusatory instrument is an information (see, CPL 1.20 [4]; 100.10 [1]; 100.40 [1]). The time limits imposed by CPL 100.25 in connection with simplified traffic informations are not applicable in determining the sufficiency of an information (compare, CPL 100.10 [1] and [2]). Thus the accusatory instrument is not defective by reason of the failure to supply the supporting deposition within the time prescribed therefore.

■ However, the information is defective because the court cannot determine which, if any, of the factual allegations are nonhearsay (see, CPL 100.15, 100.40). The complainant police officer states that the factual allegations contained in the information were made upon direct knowledge and upon information and belief, the source of the information and belief being, "police investigation." It may be that the officer directly observed the accident and the defendant's failure to stop and exchange relevant information. However, it may also be that the material elements of the offense were provided by an eyewitness other than the police officer. The former would be sufficient, the latter would require the sworn statement of the eyewitness.

CPL 170.35 requires dismissal of informations which do not meet the standards prescribed in CPL 100.40, except where the defect is of a kind which may be cured by amendment and where the People move to so amend (see, CPL 170.35 [1] [a]). The People have not interposed any such motion nor have they submitted any opposition to this motion.

In support of the view that the court is without power to order the amendment of an insufficient information see People v Crisofulli (91 Misc 2d 424), wherein the New York City Criminal Court held that an information insufficient in law does not confer jurisdiction on the court.

For the reasons stated herein the information is dismissed. The dismissal is without prejudice to the People to lodge another charge for the same offense within the time prescribed in CPL 30.10.