*394 OPINION OF THE COURT
Roy W. King, J.
Defendant, a passenger in the back seat of a private motor vehicle which was stopped for an alleged violation of the Vehicle and Traffic Law, and in which drugs were found on the front seat near or between two other persons, seeks to dismiss the misdemeanor complaint charging her with a violation of Penal Law § 240.36, loitering in the first degree, on the ground that a private motor vehicle is not “a place” within the meaning of the statute.[1]
The court finds that a private motor vehicle is not “a place” within the meaning of Penal Law § 240.36, and that the accusatory instrument is otherwise flawed and should be dismissed.
FACTS
Defendant was arrested on January 31, 1998 and charged along with two other individuals in a misdemeanor complaint with loitering in the first degree in violation of section 240.36 of the Penal Law. Defendant was a passenger in the back seat of a private motor vehicle which was stopped for an alleged Vehicle and Traffic Law violation, i.e., suspended registration. No traffic tickets were issued by the police to the occupants of the car. It is claimed that the three occupants of the vehicle were seen driving in the area of 194 Remington Street, in the City of Rochester, prior to the vehicle being stopped. Drugs were found on the front seat of the vehicle near or between the driver and frontseat passenger. All three occupants were charged with loitering in the first degree in violation of Penal Law § 240.36.
THE ACCUSATORY INSTRUMENT
The factual portion of the accusatory instrument in relevant part reads as follows: “That your complainant is a sworn police officer employed by the City of Rochester, New York, and at the aforesaid time and place did have an occasion to investigate an incident which led to the filing of this misdemeanor complaint. The aforesaid location is active in the sale and use of controlled substances. Numerous street and mid level drug ar *395 rest[s] have been made in this area during the last year. A significant number of field interview forms documenting drug related activity have been generated for this specific area last year. Furthermore, the said defendant(s), at the aforesaid time and place, did loiter, remain or wander about 194 Remington Street for the purpose of unlawfully using or possessing Cocaine, a controlled substance as defined in section 220.00 of the Penal Law of the State of New York. That by the above actions the defendant(s) did evince an intent to loiter or remain in a place with one or more persons for the purpose of unlawfully using or possessing a controlled substance.”
ARGUMENTS OF COUNSEL
Defendant’s counsel contends that the accusatory instrument is insufficient because the loitering statute has been construed to apply only to public places, semipublic buildings or areas and to the common areas of private buildings, and that a private motor vehicle is not a “place” within the meaning of the statute. In support of her position the defendant relies on the holding in People v Nowak (46 AD2d 469 [4th Dept 1975]).
In response, the People argue that the defendant was seated in an automobile which was stopped in the street in a known drug area for the purpose of possessing a controlled substance. In addition, it is urged that an automobile is not afforded the protection of a private dwelling under Penal Law § 220.25 and the accusatory instrument complies with CPL article 100.
ISSUES TO BE DETERMINED AND APPLICABLE LAW
The issues to be determined are:
(a) Whether a private motor vehicle is “a place” within the meaning of the loitering statute with which defendant is charged; and
(b) Whether the accusatory instrument is facially defective.
A PRIVATE MOTOR VEHICLE IS NOT “a PLACE” WITHIN THE MEANING OF PENAL LAW § 240.36
The cases discussing the meaning of the phrase “a place” or “any place” relating to loitering statutes draw distinctions between public places, semipublic buildings or areas, common ways of private buildings, backyards of private homes, and private apartments or homes (e.g., People v Loehr, 65 Misc 2d 633 [Nassau Dist Ct 1971]; People v Robert J. L., 66 Misc 2d 191, 192 [Nassau Dist Ct 1971] [“Place” means “any place” *396 which included the backyard of a private home]). Both of these cases were decided prior to People v Nowak (supra), relied on by defendant, however, they were cited in Nowak for analagous propositions. The Court correctly reasoned that the statute cannot reasonably be construed to make loitering in a private apartment an offense. The Court held in People v Nowak (46 AD2d 469 [4th Dept 1975]), that “any place” does not include a private living area, such as an apartment. Loitering statutes may apply to public places, semipublic buildings or areas (People v Johnson, 6 NY2d 549 [1959]; People v Merolla, 9 NY2d 62 [1961]; People v Bell, 306 NY 110 [1953]), also to common ways of a private building. (People v Pagnotta, 25 NY2d 333 [1969].)
The word “place” is not defined in article 10 of the Penal Law, however, a vehicle is defined in section 10.00 (14) as a vehicle as defined in Vehicle and Traffic Law § 125.[2] Penal Law § 220.25 (1) is specific as to controlled substances in a private motor vehicle; the statute permits an inference which may be rebutted by other evidence. (People v Leyva, 38 NY2d 160 [1975].) In this case however, the issue to be resolved by the court is whether a private automobile is a “place”, not whether the People have alleged facts sufficient to establish possession. The phrases “a place” or “any place” may have many definitions or interpretations, depending on the context in which they are used. When a word is used in a penal statute, one must look to the statute to determine its legal meaning, and to the gravamen of the conduct sought to be controlled. The Court in People v Nowak (supra, at 471) keenly observed that, “[i]t has been said that loitering has an accepted legal meaning which prohibits lingering on public or semipublic property” (citing People v Bell, 306 NY 110, 113). A private motor vehicle is not public or semipublic property, therefore it cannot, for purposes of Penal Law § 240.36, become “a place” within the meaning of the statute.
THE ACCUSATORY INSTRUMENT IS OTHERWISE FLAWED
It is undisputed that on January 31, 1998 defendant was a passenger in the back seat of a private motor vehicle which was stopped for an alleged Vehicle and Traffic Law violation. It is claimed that the three occupants of the vehicle were seen driving in the area of 194 Remington Street in the City of Roch *397 ester prior to the vehicle being stopped. Drugs were found on the front seat of the vehicle near or between the driver and the frontseat passenger.
The accusatory portion of the misdemeanor complaint alleges in part that “on the 31st day of January 1998 at approximately 1:30 AM and at the premises known as 194 Remington Street in the City of Rochester County of Monroe” (emphasis added) defendant knowingly and intentionally committed loitering in the first degree in violation of section 240.36 of the Penal Law. In part the factual allegations are that the defendant “did loiter and wander about 194 Remington Street for the purposes of intentionally using and possessing cocaine” (emphasis added). The instrument does not allege any acts committed by the defendant in the motor vehicle in which she was observed and found as a backseat passenger. The People argue that the automobile with defendant inside was standing or stopped in a known drug location with more than one person inside the car for the purpose of possessing a controlled substance. An accusatory instrument is defective if a court cannot determine from the face of the instrument or from any supporting depositions, which, if any of the factual allegations are nonhearsay. (People v Moretti, 142 Misc 2d 331 [1988].) The instant accusatory instrument not only inaccurately states the place of the alleged crime, but also fails to set forth non-hearsay facts, of an evidentiary character, establishing, if true, every element of the crime charged and defendant’s commission thereof (CPL 100.40 [1] [c]; 100.15 [3]; People v Alejandro, 70 NY2d 133 [1987]).
For the reasons stated, the accusatory instrument is jurisdictionally defective and is dismissed.

. Penal Law § 240.36, loitering in the first degree, reads as follows: “A person is guilty of loitering in the first degree when he loiters or remains in any place with one or more persons for the purpose of unlawfully using or possessing a controlled substance, as defined in section 220.00 of this chapter.”

. Vehicle and Traffic Law § 125, motor vehicles, in relevant part reads as follows: “Every vehicle operated or driven upon a public highway which is propelled by any power other than muscular power”.