OPINION OF THE COURT
Memorandum.
Order unanimously reversed upon the law, accusatory instrument reinstated and matter remanded for further proceedings.
We hold that the subject offense may be committed in a private apartment (contra, People v Nowak, 46 AD2d 469).
The plain language of the statute is that loitering in the first degree, i.e., loitering for the purpose of unlawfully using or possessing a controlled substance, can be committed “in any place” (Penal Law § 240.36). It is evident that the Legislature chose these words deliberately; a predecessor of the provision was far more specific, stating that a person was guilty of “permitting use of building for nuisance” when he “Uses, resorts to or loiters about any stairway, staircase, hall, roof, elevator, cellar, courtyard, or any passageway of a building for the purpose of unlawfully using or possessing any narcotic drug” (Penal Law of 1909 § 1533 [5]; emphasis added). Note may also be made that in other “loitering” provisions, the location of the offense is restricted to a “public place” (Penal Law § 240.35 [l]-[4]; § 240.37) and thus, if the Legislature had intended to restrict loitering for the purpose of unlawfully using or possessing a controlled substance to a “public place,” there was a ready basis for it to use said words.
Appeals in criminal matters go directly from this court to the Court of Appeals and, in our opinion, we are not bound by stare decisis to follow the Nowak case (supra), as we would be if this appeal were civil in nature (see, Mountain View Coach Lines v Storms, 102 AD2d 663). The Mountain View Coach Lines case essentially held that the Appellate Division is a single State-wide Court divided into Departments for administrative convenience and that a lower court in any given Department is bound to follow the decision of an Appellate Division from another Department in the absence of a controlling decision from its own Department or the Court of Appeals (supra, at 664-665; but see, People v Brisotti, 169 Misc 2d 672, lv denied 89 NY2d 940). Mountain View Coach Lines did not state, on the other hand, that Appellate Division decisions must be con *544 trolling on criminal appeals to the Appellate Term, an intermediate appellate court created with the intent that any further appeal in a criminal case be taken directly therefrom to the Court of Appeals (see, CPL 460.20).
Inasmuch as the instant appeal was taken by the People, we do not presently consider alternative arguments set forth by defendant herein for affirmance (People v Goodfriend, 64 NY2d 695, 697).
DiPaola, P. J., Ingrassia and Floyd, JJ., concur.