OPINION OF THE COURT
Roy Wheatley King, J.
Defendant is charged with loitering (Penal Law § 240.35 [2]) and loitering in the first degree (Penal Law § 240.36) in connection with an incident involving defendant and four codefendants that occurred on October 18, 2000, at approximately 11:50 p.m. at 174 Bay Street in the City of Rochester.
Facts
The accusatory instrument charges defendant and his codefendants with loitering for the purpose of unlawfully using or possessing a controlled substance. It also charges them with loitering in a public place for the purpose of gambling with dice. The factual portion of the accusatory instrument, authored by Rochester Police Officer Graham Hyland, reads in relevant part as follows: ‘When your complainant approached *824 the defendants, several clear plastic zip-lock baggies containing a white powdery substance which did test positive for the presence of cocaine, were observed on the ground in the immediate vicinity of the defendants, who were observed to be gambling with dice outdoors.” A supporting deposition from Rochester Police Officer Anthony Bongiovanni states that he conducted a field test of the contents of the baggies and the test results were positive for cocaine.
Arguments of Counsel
Defendant, by his attorney, filed a motion seeking various forms of relief, including dismissal of the charges on grounds that the accusatory instrument is insufficient to support the charges. With respect to the charge of loitering in violation of Penal Law § 240.35 (2), defendant asserts that the accusatory instrument is defective because the statute applies to proscribed conduct in a “public place” only and the accusatory instrument asserts that defendant was standing on the driveway in the rear yard of a private residence, which is not a public place. Defendant further asserts that the accusatory instrument is insufficient to support a charge of loitering in the first degree under section 240.36 of the Penal Law for two reasons: (1) the facts do not show that defendant was loitering for the purpose of using or possessing a controlled substance and (2) the term “any place” in the statute does not include a driveway in the rear yard of a private residence.
The People oppose the motion and argue that defendant was properly charged under both provisions. With respect to the loitering for the purpose of gambling charge, the People argue that the driveway is a public place in which loitering for the purpose of gambling would be illegal. With respect to the loitering for the purpose of unlawfully using or possessing a controlled substance, the People contend that the factual allegations of the accusatory instrument are sufficient to lead to the conclusion that defendant was loitering for the purpose of unlawfully using or possessing drugs.
Loitering (Penal Law § 240.35 [2])
A person is guilty of loitering under subdivision (2) of Penal Law § 240.35 when he “[ljoiters or remains in a public place for the purpose of gambling with cards, dice or other paraphernalia.” Article 240 of the Penal Law, entitled Offenses Against Public Order, provides some guidance inasmuch as it contains a definition of that term. “Public place” for purposes *825 of Penal Law article 240 is defined to be “a place to which the public or a substantial group of persons has access, and includes, but is not limited to, highways, transportation facilities, schools, places of amusement, parks, playgrounds, and hallways, lobbies and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence” (Penal Law § 240.00 [1]). The question presented here is whether defendant’s alleged actions were committed in a public place. Specifically, the issue is whether the driveway in the rear yard of a private residence is a “public place.”
Loitering statutes, which have “been around a long time * * * have been regarded as worthwhile tools in preventing minor incidents or undesirable conduct and inchoate crimes in public areas” (People v Nowak, 46 AD2d 469, 471). The rationale for all loitering statutes “is the prevention of minor offenses or incipient crime in places frequented by the public for the protection of the public [citations omitted]. Thus, the loitering statutes may apply to public places, semipublic buildings or areas [citations omitted] and to common ways of private buildings” (People v Nowak, supra, at 472).
In the present case, defendant’s conduct that forms the basis for the loitering charge occurred on private property, specifically on the driveway in the rear yard of a private residence. This area clearly is not a place to which the public or a substantial group of persons had access. Further it is not any of the specific places enumerated in the statute. Rather, defendant and his codefendants were on the driveway in the rear yard of the private residence of one of the codefendants as invited guests. Moreover, to charge defendant with loitering for his alleged conduct under these circumstances does not further the general rationale of the loitering statutes, which is to prevent minor offenses in places frequented by the public for the protection of the public. The court concludes that under the circumstances presented here, the conduct did not occur in a public place as that term is defined by statute and interpreted by decisional law of this State. Therefore, the charge of loitering in violation of Penal Law § 240.35 (2) must be dismissed because the statute does not apply to defendant’s alleged conduct.
Additionally, this court notes that, although not raised by defendant in his motion papers, subdivision (2) of Penal Law § 240.35 was declared unconstitutional by Supreme Court, Monroe County, in People v Davidson (181 Misc 2d 999 [Mark, J.]). Justice Mark, relying on the Court of Appeals decision in *826 People v Onofre (51 NY2d 476, cert denied 451 US 987), involving an analogous subdivision, reasoned that under Penal Law § 225.00 (4) and (5) gambling is illegal only if a person advanced or profited from the gambling activity when acting other than as a player. Therefore, a person who gambled with dice as a casual player did not commit a crime, and likewise, a person who loitered for that purpose could not be engaged in criminal behavior.
Loitering in the First Degree (Penal Law § 240.36)
A person is guilty of loitering in the first degree in violation of Penal Law § 240.36 “when he loiters or remains in any place with one or more persons for the purpose of unlawfully using or possessing a controlled substance, as defined in section 220.00 of this chapter.” The gravamen of the offense, a class B misdemeanor, is lodged in the words “for the purpose of’ using or possessing a dangerous drug (see, People v Robert J. L., 66 Misc 2d 191, 192). In People v Robert J. L. (supra), the police were called to a private residence based upon a complaint by a neighbor that a group of boys, including defendant, had musical instruments and were playing loud music that disturbed the neighbor. When the police arrived, they found the boys at the table, on which there was a smoking pipe containing hashish. The court concluded that “[t]he mere fact that a pipe was on the table is insufficient evidence” to conclude that defendant and others were loitering for the purpose of using or possessing a dangerous drug (supra, at 193). It noted that no violation of the statute can be found to have occurred unless the “evidence discloses a pattern of behavior which transcends mere desire or intent,” namely an overt act of “such nature and relevancy as to indisputably show the illicit purpose for the loitering” (People v Robert J. L., supra, at 192-193). The court further stated that “[a] pipe on the table does not create a presumption of purpose attributable to all” (People v Robert J. L., supra, at 193). Although the court’s decision in that case was made at the conclusion of a nonjury trial and did not involve the sufficiency of the allegations of an accusatory instrument as here, the court’s comments regarding the “purpose” of the loitering are relevant and instructive.
The court concludes that the allegations of the accusatory instrument are insufficient to show that defendant was loitering for the purpose of using or possessing a dangerous drug. The fact that four baggies were found on the ground in the area where the five men were standing does not establish *827 that defendant’s purpose in being on that property was to use or possess drugs. The mere presence of the baggies in the area cannot create a presumption that illicit drug use or possession was the reason why defendant was present. The accusatory instrument states only that baggies containing cocaine were present in the area. The accusatory instrument contains no allegation of use or possession of illicit drugs by defendant or any of the codefendants. The only conduct observed by the officers, as alleged in the accusatory instrument, was “gambling with dice.” Therefore, the charge of loitering in the first degree in violation of Penal Law § 240.36 must be dismissed on this basis.
There is an additional basis to dismiss the first degree loitering charge. The statute provides that the proscribed conduct can occur “in any place.” There is no statutory definition of the term “in any place.” Courts in our State have given different interpretations to the breadth of the meaning of that term. The District Court in Nassau County has given it an expansive interpretation and concluded that the term “in any place” is clear and precise and means “without boundary” or “anywhere,” including private property (People v Robert J. L., supra, at 192; and see, People v Loehr, 65 Misc 2d 633). In Robert J. L. (supra, at 192), the court found that the backyard of a private residence was included within the definition of the term “in any place.” Similarly, in Loehr (supra, at 634), the court found that there was no reason to exclude private property from the application of the statute and held that an information charging defendant with loitering in the first degree in violation of Penal Law § 240.36, conceded to have occurred in a backyard of a private home, should not be dismissed.
Subsequent to the Robert J. L. and Loehr decisions (supra) by the District Court, Nassau County, the Appellate Division, Fourth Department, addressed the issue in People v Nowak (supra). That Court rejected the expansive view of the term “in any place” given by the District Court and held that “the loitering statutes may apply to public places, semipublic buildings or areas [citations omitted] and to the common ways of private buildings” (People v Nowak, supra, at 472). It concluded that the rationale of the loitering statutes, which is to prevent minor offenses in places frequented by the public for the protection of the public, makes it “difficult to relate the concept of loitering to conduct within the privacy of an apartment” (People v Nowak, supra, at 472). The Court reasoned that “[w]hen applied to such an exclusive area the statute does not serve ei *828 ther of the fundamental purposes of loitering statutes by insulating members of the public from injury to their person or property or by materially assisting the police in maintaining the peace” (People v Nowak, supra, at 472). The Nowak Court also noted the danger that exists in applying loitering statutes to private property; it “invites questionable intrusions into personal privacy and makes the law an instrument of harassment. Furthermore, it would be a rare occasion indeed when a police officer would obtain a warrant solely to apprehend an offender for the crime of loitering anywhere, to say nothing of an offense in a private apartment or home. The loitering offense thus becomes little more than an excuse for warrantless intrusions or an ‘add-on’ to multiply existing charges” (People v Nowak, supra, at 472).
After Nowak (supra) was decided, the Supreme Court, Appellate Term, Second Department, concluded that the term “in any place” includes a private apartment (see, People v Graham, 177 Misc 2d 542, 543). There, the police executed a search warrant and discovered drugs in the apartment and charged defendant with loitering in the first degree as several visitors were present at the time. Although the Court of Appeals granted leave to hear the case, the issue was not presented to it because defendant conceded for purposes of the appeal that the statute included his apartment (see, People v Graham, 93 NY2d 934). Thus, the Court of Appeals never addressed the issue.
This court has had occasion to pass on the reach of the statute at issue. In People v Scott (176 Misc 2d 393), defendant, a backseat passenger in a private motor vehicle stopped by the police for a traffic violation in an area of the city described as active in the sale and use of controlled substances, was charged with loitering in the first degree. Defendant and the two other occupants of the motor vehicle were seen driving in the area prior to the vehicle being stopped. Drugs were found on the front seat. This court rejected the contention that a private motor vehicle is “any place” within the meaning of the statute.
In the present case, the defendant’s actions that form the basis of the first degree loitering charge took place on private property, albeit not inside the residence. Nonetheless, the discussion by the Appellate Division, Fourth Department, in the Nowak decision (supra) concerning the general rationale, applicability and purpose of the loitering statutes, leads to the inevitable conclusion that a driveway in the backyard of a private residence is not “in any place” within the meaning of Penal Law § 240.36.
*829 In reaching this conclusion, this court is cognizant of the problem of unlawful drug use and drug trafficking in our city. However, the “nebulous concept” of the loitering statutes is not the proper means for controlling the problem where, as here, the acts are alleged to have occurred in the backyard of a private residence (accord, People v Nowak, supra, at 473).
For the reasons stated, the accusatory instrument charging loitering (Penal Law § 240.35 [2]) and loitering in the first degree (Penal Law § 240.36) is dismissed.