The People of the State of New York, Respondent,
against
Donald Felix, Appellant.




The Rambadadt Law Office (Robert Rambadadt, Esq.), for appellant.
District Attorney Dutchess County (Kirsten A. Rappleyea, Esq.), for respondent.

Appeal from a judgment of the City Court of Poughkeepsie, Dutchess County (Frank Mora, J.), rendered May 1, 2015. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct.




ORDERED that the judgment of conviction is reversed, on the law, the guilty plea is vacated, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
On April 28, 2015, the People charged defendant, in a misdemeanor complaint, with loitering in the first degree (Penal Law § 240.36), alleging that defendant "did remain in [a] first floor apartment . . . with six other persons for the purpose of using or possessing cocaine." On May 1, 2015, defendant waived his right to be prosecuted by information and pleaded guilty to disorderly conduct (Penal Law § 240.20 [2]) in satisfaction of the accusatory instrument. Defendant appeals from the judgment of conviction, alleging, among other things, that the misdemeanor complaint was jurisdictionally insufficient.
Although there is no legal impediment for a defendant to plead guilty to an uncharged crime, even if the facts alleged in the accusatory instrument do not support that offense (see People v Keizer, 100 NY2d 114, 118 n 2 [2003]), the factual averments in the instrument must nevertheless be jurisdictionally sufficient to support a charge set forth therein (see People v [*2]Foster, 19 NY2d 150, 154 [1967]; People v Chan, 36 Misc 3d 44, 46 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). While we do not agree with defendant's contention that the offense of loitering in the first degree cannot be charged based on conduct occurring in a private residence (see People v Graham, 177 Misc 2d 542 [App Term, 2d Dept, 9th & 10th Jud Dists 1998], affd 93 NY2d 934 [1999]), here, the factual averments in the misdemeanor complaint are insufficient to establish reasonable cause to believe that defendant committed that offense (see CPL 100.15; 100.40 [4]). The complaint contains only the conclusory assertion that defendant loitered at a particular location for the purpose of using or possessing cocaine. There are no facts establishing that a controlled substance was present at that location, and, even if the instrument may be construed to assert that cocaine was present, there was no basis given for the complainant's identification of the substance as cocaine (cf. People v Smalls, 26 NY3d 1064, 1067 [2015]; People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Batts, 53 Misc 3d 153[A], 2016 NY Slip Op 51729[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Moreover, there are no other facts tending to establish defendant's intent to loiter for the purpose of using or possessing cocaine, such as an admission, or the presence of paraphernalia associated with the use of cocaine (see People v Pagnotta, 25 NY2d 333, 339 [1969]).
Accordingly, the judgment of conviction is reversed, the guilty plea is vacated, and the accusatory instrument is dismissed.
Tolbert, J.P., Garguilo and Brands, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2017